Judge Nicholas
delivered the Opinion, of the Court.
This was an action of ejectment, brought by Spiller, against Woodard and others in possession, for the recovery of a tract of land, sold and conveyed by Spiller to Craddock. Woodard and the others, together with Crad-dock, were, by consent, made defendants in lieu of the casual ejector. A joint trial was had, and verdict and j udgmcnt rendered for the plaintiff; from which the defendants prosecute this appeal.
We deem it necessary to notice only a few of the various questions raised by the assignment of errors.
If the tenants in possession, together with their warrantor, be admitted defendants in ejectment, there can be no recovery against them, upon • evidence which would not. authorize a recovery against him also. And depositions, taken without notice to him, should not be' read against- o-thor defendants —rhis vendees, ■who had notice. But, where the fact of their holding under him, does not appear by the bill of exceptions, this court will not reverse for contrary decisions of the c,ourt beloWi A'register of the births, in the hand writing of a deceased father, is admissible toprove the ages of the children. Comparison of hand-writingis, in general,notev idence to prove - a, signature. —
The court permitted depositions to be read as evidence against such of the defendants as had beert served with notice, though no notice had been served on Craddock. The court, also, refused, at tire instance of the defendants, to instruct the jury, that if they held the land under the claim of Craddock, derived through the conveyance of Spiller, the plaintiff could not recover against .any of them, unless there was evidence sufficient to authorize a recovery against Craddock.
It does not appear from the bill of exceptions, that there was'any proof to shew that the defendants in possession held under Craddock ; and the court was, therefore, right in refusing to reject the depositions, or give the instruction asked- But as'the same question may again occur upon another trial, we will state that, if it had appeared that all the defendants in possession hold as the tenants of Craddock, or by conveyance from him with covenant of warranty, the depositions should have been rejected,.and the instruction given. There could be no doubt of this, if the defendants in possession hold as his tenants, and we apprehend, for a parity of reason, the same result should take place, if they are vendees looking to him for indemnity, in case of eviction, upon his covenant of warranty. It is true their possession would not, strictly speaking, be'his possession ; but a verdict and judgment against them, after he had been made a party to the suit, would be conclusive upon him, in a future action on his covenant, to shew that the eviction was had by paramount title. Hence he has a direct interest in the issue of the Suit as to every defendant,which would require that the proof should be sufficient to authorize a recovery against him, as though he had been in actual possession.
The court permitted to be given in evidence, to prove the age of the plaintiff, á register of the births of his father’s' children, made out in the hand-writing of the father, who had been dead thirty years. It is well set-, tied, that such proof is competent.
The defendants offered in evidence, a paper purporting to have been signed by the plaintiff, proffering to prove his signature to other writings, aiff! then by com. *181 parison to shew that this also was signed by him. Tbe court properly refused to permit it to go in evidence upon such proof.some cases where the antiquity of the Avriting renders it impossible for a living witness to praB^he ever saw the party write, comparison with d comments known to have been in his hand-writing, has been permitted. 2 Slarkie, 657. It has also sometimes been admitted in aid and corroboration of other proof. But alone and without other proof, the general rule is not to admit it.
Where the writing is tdo old for ¡i living witness to prove it; or in corrono ration of other proof, conipar-. ison is sometimes admitted.
A witness not interested in the particular suiton trial, is not rendered incompetent by having an interest like that of the party by whom he is offered.
A child born after the date of a will, andpreter-mitted, is entitled to the same share of the father’sestatethat he would have had if there had been no will.— See ■ Haskins fyc vs. Spiller. ante, 170. •
The defendants offered a witness whose testimony was rejected by the court, on the score of interest, because he was in possession of land lying within the bounds claimed by plaintiff. In this the court erred. His interest was in the question of title involved in this suit, not in its issue. His rights could not be affected by its determination either way.
The plaintiff claimed the land in contest as devisee of his father, William Spiller, who it was proved, had a child still alive, who was born after the date of the will. The court refused to instruct the jury, that said child was entitled to the share of the land, lie would have been entitled to if no will had been made. The will is the same as that mentioned in the case of Haskins et als. vs. Spiller (decided this term,) and for the reasons there stated, we think this instruction should have been given.
Judgment reversed, with costs, and cause remanded for a new trial consistent herewith