McAllister
vs
McAllister.

---

# McAllister *vs* McAllister.

## ERROR TO THE MARION CIRCUIT.

### *Evidence.   Comparison of hand writing.*

JUDGE SIMPSON delivered the opinion of the Court.

ON the trial of an issue on the plea of *non est factum*, the suit having been brought by petition and summons on a promissory note, the plaintiff having introduced the subscribing witness, whose evidence not being entirely satisfactory as to the execution of the note, which, however, was read to the jury, then offered two other notes

PET. & SUM.

Case 71.

June 16.

Case stated.

McAllister
vs
McAllister.

for the payment of money, called a witness who proved their execution, and they were permitted by the Court to go before the jury, to prove by comparison of hand writing, that the note sued on had been signed by the defendant, notwithstanding an objection to the admissibility of the notes for that purpose, as well as to the proof that was made of their execution.

The general rule excluding as evidence the comparison of hand writing by the jury, was recognized and sanctioned in the case of *Woodard, &c.* vs *Spiller,* (1 *Dana,* 179.)

The general rule is, that comparison of hand writing is not competent evidence. (1 *Dana,* 179.)

With respect to the admission of such evidence, for the mere purpose of enabling the jury to judge of the hand writing, great diversity of opinion appears to prevail in the decisions in other States. In New York, Virginia and North Carolina, such testimony is rejected. It is admitted in the States of Massachusetts, Maine and Connecticut, and in Pennsylvania the admission has been limited to papers conceded to be genuine.

We think the rule excluding such evidence the most safe, and the least liable to objection, for several reasons. If admitted, the genuineness of the papers upon which the comparison is to be based, may be contested, and others successively brought forward, to the great consumption of time, and the multiplication of collateral issues. There will be also danger of surprize to the other party, who may not know what papers are to be produced, and therefore not prepared to meet and repel the inferences attempted to be drawn from them. To which may be added, the very reasonable apprehension, that it might lead to unfairness in the selection of the writings offered as specimens for the occasion.

The Court approve this rule as the most safe and least liable to objection, concurring with the Courts of New York, Virginia and N. Carolina; in opposition to Mass., Maine, and Connecticut.

There are two exceptions to this general rule:

1st. Where the writings are of such antiquity that they cannot be proved in the ordinary way, and yet are not so old as to prove themselves. Here other writings may be produced which are admitted to be genuine, or proved to have been acted upon, and recognized as such by all parties, and persons skilled in hand writing, termed *experts,* may be called to compare them, and to testify concerning the genuineness of the contested instrument.

--The exceptions to the rule—1st. where writings are of such antiquity as not to be susceptible of proof in the ordinary way. yet not so old as to prove themselves. 2d. where other writings clearly proved are already before the jury they may com-

2d. Where other writings clearly proved, are already in the case, and before the jury. Here a comparison may be made by the jury themselves. The reason for this is obvious. As the jury have a right to look at such writings for one purpose, there is no way to prevent them from using them for the purpose of comparison; and any attempt to embarrass them, with impracticable distinctions as to the use they were to make of them, would be productive of more evil than good.

*pare—there may be other exceptions.*

We do not decide, it not being necessary in this case to do so, that there are no other instances that would form exceptions to this general rule. We are satisfied that this case does not form one. The two notes placed before the jury for the purpose of creating a standard to test by comparison the genuineness of the writing sued on, were objected to, were not conceded to be genuine, and might have led to the production of opposing testimony, and then the introduction of other specimens, thus bringing about collaterally the trial of an infinite number of issues, in addition to the one actually before the jury.

For the admission of this illegal evidence, the judgment will have to be reversed. And as the defendant had filed a demurrer to the plaintiff's petition, which had not been disposed of, and had also filed a plea of set-off, to which there was no replication by the plaintiff, these irregularities ought to be corrected on the return of the cause to the Court below.

The judgment is reversed, and cause remanded for new proceedings not inconsistent with this opinion.

*Harlans* for plaintiff; *Shuck* for defendant.