OPINION of the Court, by
Judge Bibb.
.-Orear exhibited a bill in chancery, in which he states, that by articles between himself and Tanner, he purchased 400 acres of land, on Four Mile creek, being a settlement right granted to John Rooker, for which he agreed to discharge a bond given by John and David Tanner, to John Swan, for 400 acres of first rate land on Elkhorri or Licking creeks ; that he has been always prepared to take up the said bond to Swan, if he could have received a title to Rooker's settlement ; but that the defendant John Tanner, had before his contract with the complainant, actually sold and agreed to convey the same tract to James French, of which the complainant was ignorant ~t the time ot his purchase ; that he set-tl~ed on the lank and made valuable improvements, but iscovering afterwards that French's equitable title to the land wa~ indisputable, he had purchased the claim of French for a valuable consideration~he therefore prays a conveyance from Tanner, of the legal title, and in the mean time an injunction against a judgment in ejectment, prosecuted by Tanner, &c.
Tanner admits the sale to Orear, in consideration of his undertaking to discharge the obligation to Swan but denies the readiness of the complainant to comply with the agreement, but asserts that he had altogether failed so to do, although several times requested ; that suit had been commenced, and judgment recovered by Swan against the respondent for two thousand dollars, which the defendant had urged the complainant to settle, but which he had failed to do ; he denies that he had sold the land to French ; insists that French himself had ~cknowledge~ that by an oversight in drawing the *238 articles, between himself and the respondent, Rooker’a. settlement had been included, but that he, French, never considered that he had purchased it, and had paid nothing for it; he charges a combination between French and the complainant; that as late as the year 1801, the complainant and French came together to the respondent, and went to Swan’s agent with the purpose of settling the judgment as aforesaid recovered ; bat this settlement was not effected ; that the complainant then in the presence of French, made a promise to settle Swan’s judgment ; that French was lending his friendly assistance to Orear; did not then pretend any claim ; but has since given the benefit of his pretended claim to the land to Orear, barely for the purpose of keeping him in possession, &c. he calls upon French to answer interrogatories, &c. says he was always willing and ready to comply with his contract with the complainant, but that he had altogether failed, on his part, &c. &c.
French put in an answer, acknowledging that he did not conceive he had purchased the settlement of Rooker, until Orear had applied to him a second time on the subject; when upon comparing the date of his own agreement with Tanner, with the date of Orear’s agreement, he found that Orear’s agreement was subsequent to his own, which he had not before understood, and then he supposed he might hold Rooker’s settlement. The answer contains much other matter which is not worth setting forth.
Upon hearing the bill, answers, exhibits and depositions, the circuit court of Fayette dismissed the bill without prejudice to any suit French might think proper to bring for the land : the complainant not choosing to take a decree for the land, upon condition that he should pay the amount of the judgment and costs recovered by Swan against Tanner. From which decree Orear ap~. pealed.
The proof is clear, that the appellant was again and again called upon to discharge Tanner’s obligation to Swan, which by the agreement was expressly made a condition precedent to the conveyance of Rooker’s settlement to Orear ; that he failed to do so ; that Tanner was subjected to a recovery of ■£. 600 and costs upon the obligation. The only question in the cause is, .whe *239 ther the complainant has derived any equitable clairtl under French. From the answer of French alone, it appears but too true, that the complainant’s claim under him, was unfounded in equity, but bottomed on a mere friendly arrangement between Orear and French, as charged by the answer of Tanner. Independent of the light which shines through French’s attempt to hide the nakedness of his claim to Rooker’s settlement, the depositions of Edward Tanner, John Moore, John Rooker and William Vawter expose the skeleton to open view, and throw aside the flimsey veil which the complainant had drawn around him. The answer of Tanner is fully supported. — —Decree affirmed.