## Hanly and others *vs.* Gaines.

A defendant, by pleading over and moving for a new trial after demurrer, waives the demurrer.

In an action on a note payable in bank, against the joint and several makers, no demand need be either alleged or proved.

This was an action of assumpsit, determined in the Phillips Circuit Court, in January, 1842, before the Hon. William K. Sebastian, one of the circuit judges.   Gaines sued Hanly and Biscoe, on a note, executed by them and Wm. B. Anderson to him, negotiable and payable in the Real Estate Bank, at Helena.   The defendants demurred, on several grounds, reducible into two: that no presentment and demand was alleged in the declaration, and that the breach was insufficient, in not negativing payment by Anderson.   Demurrer overruled, and oyer craved, and granted by filing the original.   The defendants then pleaded *non-assumpsit*, jointly, and Hanly pleaded a special plea, to the effect that Gaines agreed with him, when the note was made, to look to him for only $250, payable in Arkansas bank notes, and look to Anderson for the residue; and that he, Hanly, had always been ready, and still was, to pay that amount.   He also filed a petition, to obtain discovery as to that agreement.   Demurrer to this plea sustained, and petition withdrawn.   Biscoe then filed another plea, which was stricken out, on motion.   The case was then

submitted to the Court, and the plaintiff had judgment. Biscoe's plea was, that the consideration of the note was a bet, won on the election of General Harrison. This plea was not sworn to. The defendants then moved for a new trial, on the grounds that James had endorsed the note in blank, and therefore had no right to sue on it; and that no presentment and demand was proven. Motion overruled, and writ of error.

*Cummins,* for plaintiff in error. Upon the filing of the demurrer to Hanly's separate plea, the whole record was open, and any defects in the declaration could have been taken advantage of. 1 *Ch. Pl.* 662. *Goula's Pl.* 474. 1 *Saund. Pl. and Ev.* 528. *Le Bret vs. Papllon,* 4 *East,* 502. *Anon.* 2 *Wils.* 150. 5 *Re.* 29, *a.* *Steph. Pl.* 162. 11 *J. R.* 542.

And the same advantage may, at this stage, be taken of such defects. *McLaughlin vs. Hutchings,* 3 *Ark. Rep.* 207. *Humphries & Shoemaker vs. Goulding,* 3 *Ark. Rep.* 581. *Davies vs. Gibson,* 2 *Ark. Rep.* 115. *Pope, use Reed, vs. Latham et al.,* 1 *Ark. Rep.* 66.

The breach averred in the declaration is insufficient, and the judgment should, therefore, be reversed. 1 *Ch. Pl.* 325. 1 *Saund. Pl. and Ev.* 163, 4, and 5, *&c.* *Juliard vs. Burgott,* 11 *J. R.* 6, *&c.* *Hab.* 198, 233. 1 *Sid.* 440. 6 *Taunt.* 140. *Siclemore vs. Thistleton,* 6 *M. & S.* 9. 7 *Price,* 550.

There was error in striking out the plea of Biscoe, showing that the contract was based upon a gambling consideration. Such plea need not be sworn to. *Ch.* 68, *sec.* 4, *Rev. St.*

*Trapnall & Cocke, & Pike,* contra. The withdrawal of the demurrer after judgment, by pleading to the action, however, precludes the plaintiffs in error from raising questions involved in the demurrer, in this Court, upon a writ of error. *Crozier vs. Gano and wife,* 1 *Bibb,* 257. *Stocton vs. Bayliss,* 2 *Bibb,* 62. *Beebe vs. Young,* 3 *Bibb,* 520. 2 *Marshall,* 144. *Benditt's Ex. vs. Benditt & Tetum. Kays vs. Powell & Co., do.* 253, 496. 2 *Tidd,* 825.

The special plea of Biscoe, impeaching the consideration of the note, according to the 75th section of the statute of practice at law,

Hanly et al. *vs.* Gaines.

should have been supported by affidavit; and for the omission was properly struck off the files.

The agreement set up in bar, in Hanly's plea, is not averred to have been in writing. The only fair inference that can be drawn from the tenor of the plea is, that it was by parol. And the principle that a written contract cannot be varied by parol, is settled in every treatise on evidence, and in every case wherever the question has occurred. See *Dale vs. Pike*, 4 *Littell*, 167, 8. *Fitzhugh vs. Ruanier*, 8 *John.* 375. *Thompson vs. Ketchum*, 8 *John.* 189. *Auster vs. Sawyer*, 9 *Cow.* 39.

Upon the motion for a new trial, or the judgment thereon, there is nothing entitled to notice. There was no oyer craved of the endorsement on the note, and no evidence before the Court that there was an endorsement, and no showing whatever that the legal interest in the note was not in the plaintiff.

*By the Court*, PASCHAL, J. The plaintiffs in error in this case, by pleading over, and by moving for a new trial, waived their demurrer, and now present the case upon the single question of the sufficiency of the evidence to support the action. The only evidence was a nenotiable note, payable in bank; and no demand being averred in the declaration, of course none could be legally proven. By our statute, the remedy on bills of exchange, foreign and inland, and on promissory notes or obligations payable in bank, shall be governed by the rules of the law merchant, as to days of grace, protest, and notice. *Rev. St., Chap.* 20, *sec.* 14.

All the makers of this note sign jointly and severally, and there is no evidence to authorize this Court in coming to a conclusion that either of them were mere securities or endorsers. This case, therefore, is embraced within the rule laid down by this Court, in the case of *Sumner vs. Ford & Co.*, *i. e.*: "That, in an action against the maker of a promissory note, or the acceptor of a bill of exchange, made payable at a particular place, it is not necessary to aver or prove presentment or demand at that place." 3 *Ark. Rep.* 389. The cases in support of this decision have been, to some extent, re-

viewed; and we think the principle there laid down too well established, by the current of American authorities, to be disturbed by this Court. Judgment affirmed.