Macuxn delivered the opinion of the court. This v^as an action of assumpsit instituted by Watkins against Hawkins in the circuit court of Pulaski county at the September term IS 40, upon an accepted order, for the sura' of four hundred; dollars in Arkansas money of the Fayetteville branch, and upon which he obtained judgment by default. The case was subsequently brought into this court by writ'of error, and the judgment of the circuit court reversed. Afterwards, at the May term, 1845, of the circuit court, Watkins asked ahd obtained leave to file his amended declaration, and the defendant moved the court to strike it from the files, which was refused. He then filed his demurrer to' l the amended declaration, which was also overruled by the court;, he then withdrew his demurrer and pleaded to the merits,, and upon the trial of the cause judgment was obtained by the plaintiff, and the cause is again brought into this court by writ of error.. It is submitted for the consideration and determination of this, court, whether the plaintiff in error can now avail himself of the' questions raised by the demurrer. The principle has been well settled by a current of decisions, that the withdrawal of the demurrer after judgment thereon, and pleading to the merits, precludes the plaintiff in error from availing himself of the questions involved in the demurrer, in this court. This was so decided by this court in Hanley et al. vs. Gaines, 5 Ark. Rep. 38. The same principle was maintained in Crozin vs. Gano & wife, 1 Bibb 237. Stocton vs. Bayliss, 2 Bibb 62. Bebee vs. Young, 3 Bibb 520. 2 Marshall 144, 253, 496. 2 Tidd 825. Buckner vs. Greenwood, decided at the present term. The only remaining question is, the sufficiency of the- evidence to authorize a verdict in favor of the defendant in error under the issue formed. It was. in proof upon the trial of the cause, that the plaintiff in error accepted the order upon which this suit was instituted; and subsequently acknowledged the debt to be due and owing by him. In every particular the evidence sustains the allegations in the declaration. We therefore see no error in the judgment of the circuit court, and the same is affirmed.