## Helton, et al. v. Campbell, et al.

(Decided October 14, 1913).

### · Appeal from Knox Circuit Court.

1. Land—Partition—Presumption.—Where each of several joint owners of land takes into possession a separate part of the land, and the land is thus separately held and claimed during a long period of years, the presumption arises that a partition thereof was made between the parties.

2. Land—Oral Partition—Adverse Possession.—An oral partition of land by joint owners, followed by the separate adverse possession of each, acquiesced in by all the parties, for more than fifteen years will vest in each the title to that portion of the land allotted to him.

DISHMAN, TINSLEY & DISHMAN for appellants.

BLACK, BLACK & OWENS for appellees.

· OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 27, 1851, Hiram Miller conveyed to Jesse Campbell an undivided two-thirds interest in a tract of land on Indian Creek, in Knox County, Kentucky, containing about 135 acres. · Jesse Campbell died intestate in the year 1863, leaving surviving him his widow, Sallie Campbell, three daughters, Sarah, Rachel and Eliza, and one son, Joseph Campbell. In the year 1865, Eliza Campbell married John Helton. She died several years later, leaving surviving her her husband, John Helton, and the following children: Frank Helton, Nancy Hinkle, John W. Helton, Sallie Helton, G. B. Helton and Alex. Helton. · · ·   · · ·

Alleging that they and the defendants, Joseph Campbell, Sarah A. Campbell. Rachel Campbell and Alex. Helton, were the owners of a certain tract of land described in the petition, plaintiffs, Frank Helton, Nancy Hinkle;

John W. Helton, Sallie Helton and G. B. Helton, brought this action against the defendants for a partition of the land. On final hearing the chancellor entered judgment in favor of the defendants, and plaintiffs appeal.

The record 'discloses the following facts:

Just prior to his purchase of the 135 acres of land from Hiram Miller, Jesse Campbell and his family moved on the land. Shortly after his death in 1863 Eliza Campbell married John Helton, and they took up their residence at the home place with her mother. In 1866 Eliza and her husband settled upon a tract of about 60 acres of land covered by the deed from Hiram Miller to Jesse Campbell. Eliza's mother and the other children continued to reside on the other portion of the land. Later on these people were threatened with litigation, growing out of the fact that Miller had conveyed to Campbell only an undivided two-thirds interest in the tract of land described in the deed. In order to give notice of their adverse possession, the widow, Sallie Campbell, had a survey made in her name, embracing that portion of her husband's land which she and certain of her children occupied. On December 29, 1866, a patent was issued to her for said tract of land. On August 23rd, John Helton, the husband of Eliza, had a survey made in his name of the tract of land which he and Eliza occupied, and on December 29, 1866, procured a patent therefor from the Commonwealth of Kentucky. After the above patents were procured by Sallie Campbell and her son-in-law, John Helton, Sallie Campbell and her two single daughters and son, Joseph Campbell, continued to occupy the land as they had formerly done until the death of Sallie Campbell, which occurred in the year 1905. Thereafter the defendants occupied it, and were in possession at the institution of this action. After the patent was obtained by John Helton, he and his wife and children continued to occupy the tract patented by him until his wife's death, since which time he and certain of his children have been in possession.

Even if we exclude the evidence of defendants on the ground that they testified as to acts done and transactions had by their mother and their aunt, Eliza Helton, who were dead at the time the testimony was given, still it is well settled in this State that where each of several joint owners of land takes into possession a separate part of the land, and the land is thus separately held and claimed during a long period of years, the presump-

tion arises that a partition thereof was made between the parties, under which partition it has been thus held and enjoyed. Russell's Heirs v. Marks' Heirs, 3 Metc., 37. In the present case Eliza and her husband took possession of the 60 acres in 1866. They held separate adverse possession of that until her death, since which time it has been occupied by her husband and plaintiffs. On the other hand, Sallie Campbell and the defendants took possession of the remainder of the Jesse Campbell farm, and have held separate possession thereof for almost fifty years. Under these circumstances, the law will presume that a partition was made. It is likewise well settled that an oral partition of land by joint owners, followed by the separate adverse possession of each, and acquiesced in by all the parties, for more than 15 years will vest in each the title to that portion of the land allotted to him. Slone v. Grider, et al., 44 S. W., 384. In the present case the partition has been followed by separate adverse possession, and has been acquiesced in by the parties for over 50 years. The fact that Hiram Miller conveyed to Jesse Campbell only an undivided two-thirds interest in the land described in that deed in no way affects the question, as none of the parties have ever been divested by a superior title. But it is insisted by plaintiffs that as their father took out a patent on the land allotted to their mother, and has since acquired title by adverse possession, they are thus deprived of an interest in their grandfather's and grandmother's land. The question whether they or their father own the 60 acres of land is not before us, and we deem it unnecessary to discuss that phase of the case. It is sufficient to say that defendants having acquired title by an oral partition of their father's land, followed by an adverse possession of over 40 years, they cannot now be held responsible for any act of plaintiff's father which may have had the effect of divesting plaintiffs of title to that part of their grandfather's land which was allotted to their mother. Furthermore, if it be true that plaintiffs' father has, by their laches or the laches of their mother, acquired title to that part of the land allotted to their mother, and on that account plaintiffs are unable to bring that part of their grandfather's land into hotch-potch for the purpose of an equitable division among all the heirs, this simply furnishes an additional reason for not disturbing the partition made by the parties themselves and acquiesced in up to the time of

the institution of this suit. Wooton, &c. v. Murrell, &c., 134 Ky., 40. But it is insisted that the patent taken out by Sallie Campbell covers lands other than that deeded to Jesse Campbell by Hiram Miller, and as this land was owned by their grandmother at the time of her death, they are at least entitled to their share in the additional lands. The evidence, however, fails to show that the patent in question includes any lands in addition to those embraced in the Hiram Miller deed.

Judgment affirmed.