## Henderson v. Clark, et al.

(Decided February 26, 1915.)

### Appeal from Carter Circuit Court.

1. Land—Action Quia Timet—What Petition Must Allege—Defect is Cured By Answer.—In an action quia timet the petition must describe the land, allege both the plaintiff's title to and possession thereof, and the nature of the claim asserted to the land, or such part thereof as may be involved, by the defendant; also that it is hostile to the plaintiff's title and possession and casts a cloud thereon. Where there is an essential compliance with the above requirements, except in the matter of specifically alleging what part of the land is claimed by the defendant and describing same, but this omission is supplied by the defendant's answer in making definite what part of the land he claims or is asserting an interest in and the precise nature of such claim or interest, it will be treated as having cured the defect in the petition.

2. Land—Oral Partition of—Effect of Fifteen Years' Subsequent Adverse Possession Under—Estoppel as to Subsequent Purchaser. —An oral partition of land by the joint owners is within the statute of frauds and, therefore, unenforceable as a contract or agreement, but where such oral partition is followed by the separate, actual, continuous and adverse possession of each, and acquiesced in by all the parties, their heirs or vendees, for more than fifteen years, it will vest in each partitioner the title to that portion of the land allotted to him or her; and a subsequent purchaser, after fifteen years, from an heir at law of an infant party to such oral partition, with knowledge thereof and of the subsequent holding under and recognition of the oral partition by all the parties thereto, will be estopped to assert claim to or interest in any of the land received by the other joint owners in such partition, and so actually and adversely possessed for fifteen years' subsequent thereto.

FLANERY & HARRIS for appellant.

H. L. WOODS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by appellees in the Carter Circuit Court to quiet their title to a small tract of land, described in the petition, in which was alleged their ownership and possession of the land, and that the appellant, A. T. Henderson, was claiming to be the owner of a part of the land, setting up claim thereto, and slandering and casting a cloud upon appellees' title, but that his claim was without right, and. that he had "no estate, right, title or interest whatsoever in the land or any part thereof."

The answer of appellant traversed the averments of the petition and alleged that he owns an undivided one-half interest in what is known as the Williams tract of land, of which the parcel described in the petition is a part. The affirmative matter of the answer was controverted by reply.

Following the taking of depositions and the submission of the case the circuit court adjudged appellees to be the owners of the land in controversy, quieted their title to same, enjoined appellant from asserting any claim thereto, and awarded appellees their costs expended in the action. Appellant's dissatisfaction with that judgment resulted in this appeal.

The parcel of land in controversy is a part of a twenty-acre tract originally owned by Dr. Morton Wil-

liams, who died intestate in 1882, survived by his widow, Mary Jane Williams, and two children, Amanda J. Royce and Mary Susan May. Upon the death of Dr. Williams each of his daughters inherited an undivided one-half interest in the entire tract, subject to the dower interest of the widow, Mary Jane Williams. In 1885 Amanda J. Royce sold and by deed conveyed her undivided half interest in the twenty acres to A. M. Henderson, who, in 1886, sold and conveyed it to the widow, Mary J. Williams. So, following the execution of the deed last mentioned, Mary J. Williams and Mary Susan May were the joint owners of the Dr. Williams tract of land, each holding title to an undivided half thereof, subject to Mary J. Williams' dower in the whole. On March 16, 1897, Mary J. Williams, Mary Susan May and Parker May, husband of the latter, by their joint deed conveyed an undivided one-half interest in the Dr. Williams twenty-acre tract of land to Florence Williams, infant daughter of Mary Susan May, and by like deed, executed at the same time, conveyed the other undivided one-half interest in the land to Susan Clark, wife of the appellee, W. G. Clark, and mother of the appellees, Morton Clark, Vena Gallagher, Schuyler Clark, Pina Taylor, Vida Clark and Mona Clark, but each of the conveyances in question was subject to Mary J. Williams' dower in the entire tract.

On the day these two deeds were executed, viz., March 16, 1897, Susan Clark, her husband, W. G. Clark, Florence Williams, her mother, Mary Susan May, Parker May, husband of the latter, and Mary J. Williams, orally agreed upon a partition of the Williams twenty-acre tract of land between Susan Clark and Florence Williams, and the division was then made by adopting an agreed line separating the land of the one from the other, pursuant to which division the appellee, W. G. Clark, for his wife, Susan Clark, forthwith erected a fence upon the agreed line dividing the two parcels of land, the timber for this fence being furnished by Mary J. Williams. By the division thus made the land allotted to Florence Williams included the Williams residence and all other buildings which had belonged to the twenty-acre tract, and the remainder of the land was allotted to Susan Clark. Each of the parties took immediate possession of the parcel of land thus allotted her and such possession in each continued unchanged.

Some years after the division Susan Clark died intestate, survived by her husband, the appellee, W. G. Clark, and the several children, hereinbefore named as his co-appellees. Upon her death the title to her part of the land was inherited by the children, subject to the husband's life estate in one-third thereof in value. February 12, 1903, Mary J. Williams sold and by deed conveyed to the appellee, W. G. Clark, her dower interest in the parcel of land which had been received by his wife, Susan Clark, in the division of March 16, 1897. In 1902 Florence Williams, who had received in the division of March 16th that part of the Williams twenty-acre tract containing the improvements, died in infancy, intestate, leaving her mother, Mary Susan May, as her only heir-at-law, and the latter inherited the land left by the daughter, subject to the dower interest of Mary J. Williams therein. March 23, 1910, Mary Susan May and her husband, Parker May, sold and by deed conveyed to the appellant, A. T. Henderson, the land or interest therein which Mary Susan May inherited from Florence Williams, and on January 10, 1914, Mary J. Williams sold and by deed conveyed the appellant her interest in that part of the Dr. Williams twenty-acre tract which she, Mary Susan May, and Parker May had conveyed Florence Williams March 16, 1897. By reason of the title thus acquired the appellant, A. T. Henderson, set up claim to an undivided one-half interest, subject to the dower of Mary J. Williams in the entire twenty-acre Dr. Williams tract of land, claiming that such interest is an undivided one, which alleged fact was sufficient to bar appellees' right to the relief granted them by the judgment of the circuit court.

It is insisted for appellant that the judgment of the circuit court was unauthorized for the reasons: (1) That the petition is fatally defective and insufficient to support it; (2) that the attempted partition of the Williams land, if made at all, was and is void, because Florence Williams, one of the parties thereto, was an infant and incapable in law of agreeing to the partition; and that as the partition was orally agreed to and made, it was not even binding upon the adult parties to it.

We regard appellant's first contention untenable. In order to maintain an action *quia timet*, the plaintiff must describe the land in his petition, allege both his title and possession thereof and the nature of the claim asserted

by the defendant, to remove which as a cloud on the title the action is brought; also that it is hostile to the plaintiff's title and possession. The petition in the instant case sufficiently alleges the appellees' title to and actual possession of the land in controversy, and describes the land by metes and bounds, courses and distances. But while its allegations are sufficient as to the hostile character of the appellant's claim to the land and specifically charges that such claim is "without right, title or interest whatsoever in the land or any part thereof," the petition is indefinite in its averments as to what part or how much of the land described in the petition is claimed by the appellant. We are of opinion, however, that this defect in the petition is substantially cured by the answer, which, after a denial of appellees' title to and possession of the land described in the petition, in substance, alleges that the land described in the petition is a part of the Williams twenty-acre tract of land, and that he owns an undivided one-half interest in the entire Williams tract, which is in meaning and effect an averment that appellant claims an undivided half of the land described in the petition, as well as an undivided half of the remainder of the Williams twenty-acre tract. The state of the pleadings being as suggested, it justifies the conclusion that the single defect in the petition mentioned, is cured by the answer. Packard v. Beaver Valley L. & N. Co., 96 Ky., 249; Smith v. Lewis, 21 R., 1400; Sheffield v. Day, 28 R., 754; Whipple v. Earick, 93 Ky., 121; Girdon v. Girdon, 17 R., 657; Brown v. Ward, etc., 32 R., 261.

For several reasons furnished by the record appellant's contention that the appellees acquired no right to the parcel of land in controversy from the partition made between the then joint owners of the twenty-acre tract, cannot be sustained. The evidence clearly proves that the partition was made March 16, 1897, according to a marked line agreed on by the parties, that Susan Clark immediately took possession of the parcel described in the petition, which was the land allotted her, and Florence Williams, advised and assisted by her mother and grandmother, at the same time took possession of the remainder of the twenty-acre tract, including the residence and other improvements, then allotted her. It also clearly appears from the evidence that within a few days after the partition was effected W. G. Clark,

for his wife, Susan Clark, and with material furnished by Mary J. Williams, erected on the agreed line of partition a fence dividing the two parcels of land.

According to the evidence, the possession thus acquired by Susan Clark to the land received by her in the division continued until her death, and thereafter in the appellees, her husband and children, down to the date of the institution of this action by them, more than fifteen years from the date of the partition. During the whole of this time the possession was actual, continuous, and adverse to Florence Williams, her mother as her heir-at-law, her grandmother and all others. The same, according to the evidence, is true as to the possession of Florence Williams and her mother, and successor in title, to the parcel of land received by her in the partition; and never, until after appellant on March 23, 1910, obtained from the latter the deed relied on by him, which was more than fifteen years after the partition occurred, was there ever a claim from any source that appellees' title to and possession of the land described in the petition was not good and exclusive. It is true that neither Susan Clark nor appellees have lived on the land received by the former in the partition, for they all the while resided on an adjoining tract, but their possession of it since the partition has, nevertheless, been actual and continuous, by its enclosure and cultivation year by year in person or by tenants. It is also true that during the last five or six years a small part of the division fence enclosing the land has been allowed to get out of repair or fall down, but the evidence shows that this resulted from the negligence of tenants thereon and that the greater part of the fence is still standing as erected for the separation of this tract from that received by Florence Williams in the partition, and that appellees' actual possession and cultivation of the land received by Susan Clark in the partition has all the time extended to the fence as originally erected.

It must be admitted that an oral partition of lands is within the statute of frauds and by reason thereof unenforceable as a contract or agreement. The same is also true of an oral or parol sale of land, but cases are numerous holding that such sale or partition will not be disturbed by the court if followed by the actual, continuous and adverse possession of the land by the purchaser or joint owner receiving an allotment, for more than

fifteen years. Russell's Heirs v. Marks' Heirs, 3 Met., 37; Sloan v. Grider, et al., 44 S. W., 384; Wooten, etc. v. Murrell, etc., 134 Ky., 40.

In Helton, et al. v. Campbell, et al., 155 Ky., 257, the plaintiffs sued for the partition of a tract of land alleged to be jointly owned by them and the defendants as heirs-at-law of Jesse Campbell. The defendants resisted the partition upon the ground that their actual, adverse possession for more than fifteen years of a part of the land sought to be partitioned, then claimed and occupied by them, entitled them thereto. The lower court entered judgment in favor of the defendants. In affirming the judgment on the plaintiff's appeal we, in part, said:

"In the present case Eliza and her husband took possession of the sixty acres in 1866. They held separate, adverse possession of that until her death, since which time it has been occupied by her husband and plaintiffs. On the other hand, Sallie Campbell and the defendants took possession of the remainder of the Jesse Campbell farm and have held separate possession thereof for almost fifty years. Under these circumstances the law will presume that a partition was made. It is likewise well settled that an oral partition of land by joint owners, followed by the separate, adverse possession of each, and acquiesced in by all the parties, for more than fifteen years, will vest in each the title to that portion of the land allotted to him. * * * In the present case the partition has been followed by separate, adverse possession and has been acquiesced in by the parties for over fifty years."

It is, however, insisted for appellant that the principle announced in the case, *supra*, should not be applied here, because Florence Williams, one of the parties to the oral partition of the land, being an infant, was incapable of agreeing thereto; and that the statute of limitations did not run against her during the five years she lived after the oral partition, for which reason it should not be counted against appellant, her remote grantee. An infant's contract is not void, but merely voidable at his or her election after reaching the age of twenty-one years. We, however, waive decision of the question whether the infancy of Florence Williams could under different circumstances be relied on as here attempted by appellant, as, in our opinion, the defense interposed by him must be held bad on the ground of estoppel.

It is patent from the evidence that his vendors, Mary Susan May, from whom he claims to have acquired title to Florence Williams' interest in the Dr. Williams land, and Mary J. Williams, whose dower interest therein he also claims to have acquired, not only participated in the oral partition of the land—the latter acting in her own right and both advising and acting for the infant, Florence Williams—but they also acquiesced in the partition made for more than fifteen years, that is, from the time it was made until the conveyances were made by them, respectively, to appellant. It is equally patent from the evidence that at the time the deeds from them to appellant were made and delivered he was fully advised of the oral partition made of the land March 16, 1897; also that appellees were in the actual, adverse possession of that part of the Dr. Williams twenty-acre tract described in the petition at the time he, appellant, received the deeds from Mary J. Williams and Mary Susan May, respectively, and that such possession had been actual, adverse, and continued from March 16, 1897, down to that time. He also knew that from and after the oral partition down to the time he received the deeds from Mary J. Williams and Mary Susan May, Florence Williams' possession and that of Mary J. Williams and Mary Susan May had been confined to only so much of the Dr. Williams twenty-acre tract as was allotted to her in the oral partition, and is not included in the portion described in the petition.

It will thus be seen that appellant's status is not that of an innocent purchaser for value of an undivided half interest in the Dr. Williams twenty-acre tract of land, but that of a purchaser of the part allotted Florence Williams in the oral partition; and to hold otherwise would ignore the statute against champerty, as well as the rights of appellees. Equitable as well as legal estoppels bind privies in estate as well as parties, and a grantee will be estopped by any act or conduct of his grantor affecting the title conveyed, of which he has notice at the time of accepting the conveyance. In our opinion the facts presented constitute an estoppel to the interest attempted to be asserted by appellant in the land claimed by the appellees and described in their petition; wherefore, the judgment is affirmed.