## Hostetter, et al. v. Green

(Decided June 19, 1914.)

### Appeal from Franklin Circuit Court.

1. Divorce—When Judgment of Not Bar to Suit for Alienation of Wife's Affections.—A judgment granting a divorce to a wife upon the ground of abandonment is not a bar to an action by the husband against the wife's parents for alienation of her affections where the acts of alienation occur before the abandonment, even though the evidence upon the issue of abandonment in the divorce case and upon the issue of alienation in the other case are substantially the same.

2. Divorce—What Not Competent in Suit for Alienation of Wife's Affections.—The record, judgment, and proceedings in the divorce case were not competent evidence against the plaintiff in the alienation suit.

3. Divorce—When Divorced Husband or Wife Not Competent to Testify Against or For Spouse.—The divorced husband or wife is a competent witness against his or her former spouse as to any matter occurring during the marriage relation which was not a confidential communication between them, and of which they did not acquire knowledge by reason of that relation.

IRA JULIAN, DON FORMAN and FORMAN & FORMAN for appellant.

SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

In February, 1903, appellee, Attilla Green, was married to Miss Whitney Hostetter, daughter of appellants.

The young people lived with the husband's parents on a farm adjoining that of appellants until early in the fall of 1909 when they moved to Alton; but shortly after the removal the wife was stricken with typhoid fever and it was deemed best that she should be taken to the home of her parents, which was done.

While there differences arose between the husband and her parents which resulted in his leaving, he claiming

that he had been forbidden the premises by her father.

In February, 1910, he instituted an action against the appellants, the parents of his wife, seeking damages for their alleged alienation of his wife's affections.

Upon. the first trial he was awarded a judgment against them for $1,500 which upon appeal to this court was reversed chiefly for errors in the instructions and the admission of evidence. (Hostetter v. Green, 150 Ky., 551.)

In October, 1911, appellee's wife instituted an action against him for support and maintenance, in which action he answered and by way of counterclaim asked for an absolute divorce charging abandonment, whereupon she amended her petition and prayed for an absolute divorce upon the same ground, and that alimony be awarded her.

The circuit court granted her a divorce, and alimony at the rate of $10.00 per month. The husband appealed to this court complaining of the allowance of alimony, and the wife prosecuted a cross-appeal because the lower court had refused to allow her a lump sum in full of alimony. This court, having no power to review the judgment of the circuit court granting the divorce, declined to pass upon whether or not it was properly granted, but upon the question of alimony, considered the evidence and sustained the wife's contention, and directed that a lump sum be allowed her as alimony. (Green v. Green, 152 Ky., 486.)

It will be observed, however, that this court in passing upon the question of alimony in that case did not undertake to pass upon the merits of the contentions between the parties, but held that, although the wife be partially in fault, yet, if there be equal or some fault upon the part of the husband and no moral delinquency upon the wife's part, she would nevertheless be entitled to alimony if she had no estate or income of her own.

Upon the return of this case to the circuit court it was retried and the appellee obtained a verdict and judgment against appellants for $2,500 in damages, and from that judgment this appeal is prosecuted.

Four grounds for reversal are relied upon: (1) That the lower court erred in refusing to permit to be filed an amended answer attempting to plead the judgment in the divorce case between appellee and his wife as a bar to this suit for alienation; (2) because the court refused to permit appellant to read in evidence in this case the

record and proceedings and judgment in the divorce case; (3) because of the refusal by the lower court to permit appellant to prove by appellee's divorced wife certain things which are shown by avowals in the record; and (4) because the court on the trial refused to instruct the jury in substance that if the offers of appellee's wife to again live with him were made in good faith and refused by him they then should find for the defendant.

These questions will be considered in the order named.

In the divorce case each of the parties relied upon the charge of abandonment and sought a divorce upon that ground; and upon the return of this case to the circuit court, after the reversal, the defendants tendered an amended answer setting up in substance that the plaintiff in this action had in the divorce case relied upon the same facts to establish his charge of abandonment as he relies upon in this action to establish his charge of alienation, and pleading that in the divorce case this issue had been determined against him and his wife granted a divorce, and that judgment is pleaded in bar of any right to recover in this action. The lower court refused to permit this pleading to be filed and that action is urged as cause for reversal.

The argument for appellant is that a judgment in a divorce case is a judgment *in rem* and therefore binding, not only upon the parties thereto, but upon the whole world, and that inasmuch as the evidence in that case and this was substantially the same that issue is *res judicata* as to appellee, and he is precluded from again litigating it. But this contention is not sound; the appellants in this action were not parties to the divorce suit, and in the nature of things could not have been, nor is the wife a party to this suit; the judgment in the divorce suit is binding upon the appellants in this suit only insofar as it fixed the status of the parties to the divorce suit. While the evidence in the two actions may be substantially the same the pleadings presented essentially different causes of action; in the divorce suit the issue was which party had abandoned the other, while in this suit is involved the issue whether the parents of the wife, prior to the abandonment, were guilty of such conduct and of exercising such influence over their daughter as alienated her affections from the appellee and thereby brought about the abandonment.

It does not follow that if Green did abandon his wife, that the abandonment might not have been forced upon him by reason of the hostility of the Hostetters to him, and their influence over their daughter, coupled with mistreatment of him, might have driven him to abandoning his wife when such abandonment would not have been necessary and would never have taken place except for their mistreatment of him and their conduct in prejudicing their daughter against him.

Abandonment of a wife by the husband does not necessarily mean that her affections have not theretofore been alienated from him by other persons.

The issue of abandonment in a divorce case between husband and wife, and the issue of alienation of affections between either of them and third parties in another and distinct case are in no sense akin to each other; and because the evidence in the two cases may be substantially the same is no reason why a judgment in one should be a bar to the other.

It is not inconceivable that even if the evidence in the two cases were exactly the same that it might not uphold a charge of abandonment in the one case, and the charge of alienation in the other.

In the divorce case the appellee was barred by law from testifying, while in this case for the first time he was permitted by his own evidence to give his version of the differences between him and his wife and what brought them about.

It would be unjust to appellee to deny him the right to be heard on the issues raised in this suit, where he may under the law testify, because in a previous action between him and another upon different issues, where he was barred from testifying, the same facts were held against him upon the issues there pending. He has not had his day in court as between him and appellants upon the issues between them, and for the first time in this case was permitted to testify about these facts.

This exact question has never been passed upon in this State, and so far as our investigation goes has not been directly passed upon elsewhere. We find, however, in 21 Cyc, page 1620, the general proposition laid down that a husband may recover for alienation of his wife's affections even though she had previously been granted a divorce.

The appellants rely upon the Michigan case of Gleason v. Knapp, 56 Am. Rep., 388, as sustaining their position; but that was a suit by Gleason against Knapp for criminal conversation with his wife, and the court merely held that as Gleason had failed to plead his wife's adultery as a defense in a previous divorce suit between them that he was estopped to assert his wife's adultery in the suit against Knapp. But, even if that might be held applicable here, it has since been modified and practically overruled by the Michigan Court itself.

It is next contended by appellants that the lower court erred in refusing them the right to read in evidence the record in the divorce case, and they rely upon the case of Bergman v. Solomon, 143, Ky., 581, as settling that question in their favor. In that case, however, the divorce record disclosed that the plaintiff in the alienation suit had filed an answer in the divorce suit, but had subsequently withdrawn it and thereby admitted the charges made against him by his wife, and the court merely held that the record was competent to show these admissions by him. But in this case there is no such state of record; the record of the divorce case here shows no admissions of any kind by the appellee.

Before the last trial of this case a divorce had been granted to the wife of the appellee, and she was offered as a witness for the appellants, and the lower court declined to permit her to testify, and they are complaining of that action.

Section 606 of the Civil Code provides among other things:

"Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other."

It was avowed the witness, if permitted to answer, would state that in December, 1909, in her presence the appellant, J. P. Hostetter, stated to the appellee, Green, that he (Hostetter) and his family were going to move from Franklin County to Fayette County, and that Green might take his (Hostetter's) farm, rent free, and live there with his wife, and that Green declined said proposition, and left the place and never returned.

It is apparent from the express wording of the section of the Code quoted that neither the husband nor the wife is a competent witness to testify against the other

during the existence of the marriage relation; but in this case it was sought, so far as that part of the avowal above referred to is concerned, to show by the divorced wife the conversation had between her father and her then husband which was in no sense a communication between her and her husband growing out of the marital relation. She heard the conversation between her father and Green just as any other witness might have heard it if present, and we are aware of no reason of public policy which denies to a litigant the right to introduce the evidence of his divorced wife against the husband, although the occurence took place during their marriage, if it did not grow out of and she did not acquire the knowledge through or by reason of the marital relation. The evidence offered was in no sense a communication from the husband to the wife, and had no connection whatever with the marital relations between them; it was a transaction between her husband and another which only happened to take place in her presence.

The case of Commonwealth v. Sapp, 90 Ky., 580, was where the Commonwealth offered to introduce the divorced wife as a witness against Sapp who had been indicted, charged with attempting to poison her, and the court in discussing her competency as a witness said:

''If the proposed testimony violates marital confidence in the slightest degree, or tends, however slightly, to impair the rule for its protection, the highest consideration forbids its introduction. The word ''communication,'' therefore, as used in our statutes, should be given a liberal construction. It should not be confined to a mere statement by the husband to the wife or vice versa, but should be construed to embrace all knowledge upon the part of the one or the other obtained by reason of the marriage relation, and which, but for the confidence growing out of it, would not have been known to the party. The reason of this rule does not apply, however, to facts known to a surviving or divorced husband or wife, independent of the existence of the former marriage, although the knowledge was derived during its existence, and relates to the transactions of the one or the other; therefore, the rule should not be applied in such a case. What the state proposed to prove by the divorced wife in this case was not any communication or knowledge which can fairly be considered as having come to her by reason of her being then the wife of the accused.''

The case of Elswick v. Commonwealth, 13 Bush, 155, was where a defendant charged with grand larceny offered to introduce his divorced wife as a witness, and the trial court refused to permit it. In reversing that judgment for that reason the court said:

"Information coming to a husband or wife in consequence or by reason of the existence of the marriage relation is to be treated as confidential, and the confidence which the law creates while the parties remain in the most intimate of all relations cannot be broken even after that relation has been dissolved.

"But the reason for this rule does not apply to facts known to a surviving or a divorced husband or wife independent of the previous existence of the marriage. Accordingly in an action by a husband for a criminal conversation with a wife from whom he had subsequently been divorced she was held to be a competent witness to prove the charge laid in the husband's declaration."

It may be said to be settled in this State that a divorced husband or wife is a competent witness against his or her former spouse as to any matter occurring during the marriage relation which was not a confidential communication between them, and of which they did not acquire knowledge by reason of that relation.

Only that part of the avowal referred to in this opinion, however was competent.

Upon the trial below the appellant offered an instruction in substance that if the offers of the appellee's wife to return to and live with him were made in good faith and were refused by him that they should find for the defendant; this instruction the lower court refused to give. It is sufficient to say in answer to this that not only was this idea embraced in the instructions given by the court, but that, if it was not, the former opinion of this court directed the instructions to be given, and is therefore conclusive.

For the reason given the judgment is reversed with directions to grant appellants a new trial, and for further proceedings consistent herewith.