## Willey v. Howell.

(Decided February 15, 1916.)

### Appeal from Hickman Circuit Court.

1. Witnesses—Confidential Relations and Privileged Communications
   —Husband and Wife.—Both the husband and wife are prohibited by section 606 of the Civil Code from testifying concerning any communication between them during marriage; and the word

"communication" as used in said section includes not only statements, but embraces all knowledge obtained by reason of the marriage relation, and which, but for the confidences growing out of the relation, would not have been known.

2. Witnesses—Divorced Wife May Testify Against Former Husband.— A divorced wife may testify in an action against her former husband upon any matter occurring while the marriage existed which was not a confidential communication between them, and knowledge of which she did not obtain by reason of the marital relation.

3. Witnesses—Divorced Wife or Husband Competent to Testify Against Other.—A divorced husband or wife being a competent witness for or against the other, the judgment of divorce is the best evidence of the divorce and competent for the purpose of qualifying the witness, but for no other purpose.

4. Husband and Wife—Alienating Affections—Judgment in Divorce Suit Not Bar to.—A judgment in a divorce suit is not a bar to an action between one of the parties to that action and another for alienation of the wife's affections.

ROBBINS & ROBBINS and JOE W. BENNETT for appellant.

J. D. VIA and B. C. SEAY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is the second appeal of this case. The opinion rendered by this court on the former appeal is reported in 159 Ky., 805, and is decisive of several of the questions presented here.

Upon the last trial the wife of appellee, Mrs. Bessie Howell, having procured a divorce from him subsequent to the former trial, was introduced as a witness for appellant, her father. That trial resulted in a verdict in favor of appellee for $5,520.00 against appellant, who is prosecuting this appeal to reverse the judgment entered thereon. Numerous errors are assigned as grounds for a new trial, but errors in the trial court's refusal to permit the divorced wife of appellee to testify about certain matters are the principal grounds relied upon by counsel for appellant for a reversal of the judgment. The testimony thus rejected is presented to us in six avowals.

1. The first avowal contains a statement by Mrs. Bessie Howell of a conversation she had with her father a short time before her separation from appellee, in which she told her father, the appellant, of the existence and nature of the trouble between her and her husband, and of her purpose to leave him; that he had a loathsome venereal disease and cruelly accused her of giving it to him.

Under Section 606 of the Civil Code neither the husband nor the wife may testify concerning any communication between them during marriage, even after the relationship is terminated. This court, in Commonwealth, v. Sapp, 90 Ky., 580, and other cases, has held that the word "communication" in this section should not be confined to statements between husband and wife, but should be construed to embrace all knowledge upon the part of one or the other obtained by reason of the marriage relation, and which but for the confidence growing out of it would not have been known to the party, and to that construction we adhere. Nevertheless, the witness should have been permitted to tell whether or not she told her father of appellee's treatment of her, and if so, when and what she told him. The fact that she imparted this information to her father and what she told him are not within the prohibition of the above section as construed, and it was highly prejudicial to appellant to deny him this evidence, as the very gist of the action against him was whether or not he acted reasonably and in good faith in what he said and did thereafter. She had a right when troubles arose between her and her husband to apply to her father for advice and succor, and it was necessary that the jury in trying this case, in order to determine whether the father was acting wrongfully and maliciously, or in good faith and as he had a right to do, to know what actuated him. Therefore, he had a right to present to the jury evidence of what his daughter had told him about her husband's treatment of her so that the jury might know what was operating upon his mind in what he said or did, if anything, with reference to the separation of these people. Without knowing what had been told him by his daughter the jury would not know under what information he was acting, and could not determine whether he was acting rightfully or wrongfully. It is true he was permitted to testify what his daughter had told him in justification of what he did and said in reference to the separation, but he was also entitled to have his testimony on that point corroborated by his daughter's testimony, if she was a competent witness for that purpose. The jury might have disbelieved him unsupported, and believed him when corroborated by his daughter. The daughter could not, of course, testify to the jury whether or not, as a matter of fact, appellee did have this disease, or did make the accusation against

her; and she did not attempt to do that. It was immaterial so far as appellant's good faith was concerned whether or not it was true that appellee had the loathsome disease, or had accused his wife of giving it to him. That his daughter had so told him, and he believed her statements were sufficient to justify reasonable actions upon his part in her behalf. She would have told, if permitted, not what happened between her and her husband, but what happened between her and her father, and that was competent while the other would not have been competent.

Such evidence, in criminal cases where the motive is an important element, has been held competent. Commonwealth v. Hourigan, 89 Ky., 305; Shepherd v. Commonwealth, 119 Ky., 931; Shipp v. Commonwealth, 124 Ky., 643; Massie v. Commonwealth, 16 Ky. L. R., 792; People v. Hurtado, 63 Calif., 288; People v. Webster, 139 N. Y., 73. And there seems no reason why, in civil cases where motive is the subject of inquiry, the same rule should not prevail.

She was a competent witness to testify what she actually told her father, a relevant circumstance not within the prohibition of section 606 of the Code, although she was not a competent witness to testify what actually happened between her and her husband, a circumstance within said prohibition. The distinction, though narrow, is sound.

For the same reason she should have been allowed to testify under the sixth avowal whether or not she left appellee of her own accord, and whether or not her father persuaded or coerced her to leave him, but she ought not to have been permitted to testify to that part of said avowal which described the conditions in her home, or the actions and statements of appellee to her while the marital relation existed.

2. In avowal number two the testimony of this witness was offered to prove what she had heard appellee state to one Barney Kough. By avowal number three appellant attempted to prove by this witness a conversation she had overheard between appellant and Barney Kough in the presence of appellee. Avowal number four has reference to a conversation she overheard between appellant and appellee in reference to this trouble.

All this testimony was competent and its rejection was prejudicial to appellant. None of it was informa-

tion obtained by her as a result of the marital relation between herself and appellee. It was information obtained by her in hearing a conversation between others, just as anyone else might have done, and is the same character of testimony that was held competent by this court in the case of Hostetter v. Green, 159 Ky., 611.

Avowal five contains the testimony this witness would have given, if permitted, of the fact that she wrote the letter to her mother, which upon the former appeal of this case was held to be competent evidence, and of the time when she wrote it. This evidence was also competent and its exclusion prejudicial to appellant. Testimony that she wrote the letter, and the time that she wrote it related only to a transaction of her own during marriage, but entirely independent of it, and did not in any way violate provisions of section 606 of the Code, and without this testimony to properly accredit the letter, its value as evidence on behalf of appellant was probably destroyed.

3. Appellant also complains that the trial court refused to permit him to read to the jury the judgment of divorce of this witness from appellee. In order to qualify this witness it was necessary to show that she was no longer the wife of appellee, and the best evidence of that fact was the judgment of divorce, and for that purpose appellant was entitled to introduce said judgment, but for that purpose alone.

The court also erred in refusing to permit Cephus Allen to testify to a conversation he had with Mrs. Howell before the separation, as is admitted by counsel for appellee in brief.

And appellee, of course, should not be permitted on another trial of this case, as he was at the last trial, over appellant's objection, to testify to statements made to him by his former wife while the marriage existed, since it is expressly prohibited by section 606 of the Code.

4. Counsel for appellant argue that the issues here are concluded by the judgment in the divorce proceeding between Mrs. Howell and appellee, but that contention is not tenable. Appellant was not a party to that suit, and Mrs. Howell is not a party to this suit, and while the evidence supporting the one may be, as alleged, practically the same as that required to support the other, that fact does not render the judgment in that case a bar to the prosecution of this action. Hostetter

v. Green, 159 Ky., 611; L. & L. & G. Ins. Co. v. Wright, 166 Ky., 159, and 23 Cyc., 1238.

Numerous other errors were assigned as reasons for reversal, but we do not deem it necessary to consider them.

For the reasons indicated the judgment is reversed and this cause is remanded for a new trial consistent herewith.

Judge Thomas not sitting.