# Brown v. Commonwealth.

(Decided November 17, 1931.)

JOHN CAUDILL and W. A. DAUGHERTY for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Mollie Brown was indicted in the Floyd circuit court for the murder of her husband Levi Brown. She was convicted of manslaughter, and her punishment fixed at five years' imprisonment. She has prosecuted this appeal.

For a reversal of the judgment of the lower court, it is argued by her counsel that the court erred in admitting incompetent evidence, and that the verdict of the jury is flagrantly against the evidence.

The homicide occurred at the home of the deceased in the town of Wheelright in Floyd county. Deceased worked in the mines of that place, and his wife kept boarders and conducted a lunchroom. The evidence indicates that the tragedy occurred on Sunday night about 11 or 11:30. Evidence for the commonwealth shows that appellant received two gunshot wounds, one in the upper arm, and the other entering directly from the front into the stomach. None of the witnesses for the commonwealth testified to having seen the shots fired.

Immediately after the difficulty, Dr. W. J. Bailey was called, and deceased made statements to him and to other witnesses that he was shot to pieces and could not recover. He died the following day about 3 p. m.

in a hospital in Pikeville. Kenneth Banks testified that he stated all the time that he was going to die. Brown stated in the presence of these witnesses that he was in bed about half asleep and heard a shot; that he felt a burning in his arm and jumped up; that his wife shot him again, the bullet striking him in the stomach.

Witnesses for the commonwealth who boarded with the Browns, and who were sleeping in a room adjoining that occupied by appellant and her husband, testified that they were aroused by the difficulty; that deceased seemed to be attempting to take the pistol away from appellant; that he fell across the bed, stated that he had been shot, was dying, and requested that a doctor be called.

Appellant testified that she and her husband had engaged in a quarrel practically all day, and that he had driven her from home. She stated that he had often threatened her, and on a former occasion had fired three shots at her; that a few weeks before the fatal difficulty, he cut her on the hand, threw her down, and stamped her. She further testified that in the afternoon, a brother of the deceased took him out, stating that he would attempt to pacify him; that when he left he said, "Give me my gun." He came back and "raised war that evening," whereupon she left and went to the home of a sister, returning about 10 or 10:30; that her husband again told her to leave, and she went out and hid his "gun," but that later, Raymond Thomas came up and told her to go in the house; that when she went in, he got out of bed, grabbed an axe, began cursing her and applying vile epithets to her; that she said to him, "You hurt me and I will shoot you. He thereupon dropped the axe and grabbed at the gun, and she said, "Levi, you turn that gun off, turn it loose, my hand is on the trigger." She stated that both of them had hold of the gun when it fired, but that she did not intend to shoot him. Mrs. Brown was corroborated in her recital of how the difficulty occurred by Thomas and other witnesses, but Dr. Bailey testified that when he arrived there was no axe in the room where the shooting occurred, and his evidence and that of other witnesses, who testified in rebuttal, indicate that Thomas and other witnesses corroborating appellant were not present at the time, or were not in position to see the difficulty.

It is first asserted by counsel for appellant that the dying declaration of a husband is not admissible as against a wife charged with his murder, and, in support of this assertion, section 606 of the Civil Code of Practice and other authorities are cited. One of the authorities cited is Tibbs v. Commonwealth, 138 Ky. 558, 128 S. W. 871, 873, 28 L. R. A. (N. S.) 665. In that case, it is said:

> "It is well settled that, in prosecutions for homicide, the declarations of the deceased voluntarily made, while sane, when in articulo mortis and under the solemn conviction of approaching dissolution, concerning the facts and circumstances constituting the res gestae of his destruction, are always admissible in evidence, provided the deceased would be a competent witness if living."

We find nothing in this opinion indicating that the statements of deceased are inadmissible because of the fact that he was the husband of accused. On the other hand, we find a well-established doctrine in this state that one spouse is a competent witness against the other for the crime committed against the person of the former. Victor v. Commonwealth, 221 Ky. 350, 298 S. W. 936; Commonwealth v. Sapp, 90 Ky. 580, 14 S. W. 834, 12 Ky. Law Rep. 484, 29 Am. St. Rep. 405; Commonwealth v. Allen, 191 Ky. 624, 231 S. W. 41, 16 A. L. R. 484.

In the case of Crump v. Commonwealth, 20 S. W. 390, 14 Ky. Law Rep. 450, where the wife was charged with the murder of her husband, it was held that his dying declaration was competent as against her. In that case, as in this, the husband at all times, after he received the mortal wound and up to the time of his death, stated that he would die, and made no statement indicating that he entertained any hope of recovery. See, also, Eversole v. Commonwealth, 157 Ky. 478, 163 S. W. 496; Roberson's New Ky. Criminal Law, section 471. From the evidence in this case, it clearly appears that the court properly admitted the statements of deceased concerning the difficulty in which he received the fatal wounds.

From our recital of the evidence for the commonwealth, it is manifest that it was sufficient to warrant the submission of the case to the jury. While there is a sharp conflict in the evidence, it is peculiarly the province of the jury to determine the credibility of the wit-

nesses as well as the weight to be given their evidence, and it has been held by this court, time and time again, that a jury may believe the testimony of one set of witnesses and refuse that of another set, or may accept the testimony of a single witness to the exclusion of the testimony of a number of witnesses. Stewart v. Commonwealth, 225 Ky. 731, 9 S. W. (2d) 1087; Oldham v. Commonwealth, 228 Ky. 307, 14 S. W. (2d) 1065. When there is competent evidence of probative value tending to show guilt of the crime charged, even though there be a preponderance of evidence to the contrary, the guilt or innocence of the accused is a question for the jury. Blankenship v. Commonwealth, 228 Ky. 830, 16 S. W. (2d) 478; Commonwealth v. Stringer, 195 Ky. 717, 243 S. W. 944; Anderson v. Commonwealth, 196 Ky. 30, 244 S. W. 315.

Notwithstanding a conflict in the evidence in this case, there is sufficient evidence to support the verdict of the jury, and, finding no error in the record prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.