*520 OPINION of the Court, by
Judge Owsley.
— This was an action of debt, brought in the court below by Young, on an assigned obligation executed by Beeler to Delany Washburn, and by him assigned to Young, Beeler pleaded he was an infant under the age of 21 vears when he executed the obligation. To this plea Young replied that Beeler at the time of executing the note was not an infant, and that he after he arrived to aSe 21 years confirmed the obligation and pro-mised to pay the same.
Beeler demurred to this replication, which being :0¡ne<j was overruled by the court, and on the motion of Beeler he was permitted to rejoin, traversing the alie-gations in the replication.
Afaftftated a.bi11 obvcd'forthe pur” pote of obtain, inS the °Pinion ^po^c'oMaw arifmg in the F°|refs oí uftd’»sevidence of the raft in a fubfeiaenttr‘al
On the trial of the issue by tbe jury, the p^irol evi-deuce offered by Beeler to prove his age, was rejected by the court; because it appeared he had in his possession a bible containing an entry made by his ed father, of the time of his birth, and which he had not produced to the court. A verdict was obtained in fa vor of Young, and judgment rendered thereon ; to verse which this writ of error is prosecuted.
assigned error — 1st, the court not sustaining and in overruling the demurrer to the replication of Young. Whether the court below erred or not in overruling the demurrer, cannot under the circumstances of this case affect the judgment of that court: for the obtaining leave and filing a rejoinder to the re plication after the demurrer was overruled, was equivalent to a withdrawal of tue demurrer; and in such a case it has been heretofore held that this court will not examine the correctness of the decision on the demurrer. A defendant, if he supposes the replication to his plea is insufficient, may demur, and thereby bring its validity before the court for determination ; or he may otherwise by a rejoinder traverse the truth of the replication and tender an issue to the country ; and when his demuirer is overruled by the court, he may withdraw his demurrer and rejoin, buthe cannot at the same time both demur and re join, thereby tendering an issue in law and fact to a replication.
If then an issue in fact and law cannot be tendered at the same time to a replication, it results the obtaining leave to rejoin, and filing a rejoinder after a decision on the demurrer, operates as a withdrawal of the demurrer ; and in such a case the cause should be considered as if no demurrer had been filed.
It is also assigned for error that the court erred in rejecting the parol evidence offered by Beeler to prove his infancy. This evidence seems to have been rejected upon the supposition that the entry in the bible constituted evidence of a superior degree to that offered by Beeler. This position is, however, according to the settled rules of evidence, certainly, inadmissible. Such entries are in many cases competent evidence, but they have never been held as assuming the grade of record evidence, but rather that of hearsay, and cannot be con-fiidered better evidence than the parol evidence of wit4 *522 neSses. The circumstance, therefore, of Beeler having *n possession a bible containing such an entry, did not furnish a sufficient cause for rejecting the parol evidence offered by Beeler. The decision of the court in that respect was therefore erroneous. But as the cause will have to be remanded to the court below for a new trial, it is proper we should notice an objection to the decision of that court in refusing to permit a bill of exceptions taken on a former trial by Beeler to be used as evidence to prove his infancy. In that bill of exceptions it is stated to have been on that trial proven Bee-ler Was an infant when he executed the obligation ; but as that statement was made for the purpose of obtaining a decision on a question of law in the progress of the cause, we apprehend it should be considered as true only for the purpose of a decision on that question, and cannot conclude the parties on the trial of an issue of fact at a subsequent trial: for if a statement in a former bill of exceptions of what was then proven, was received as evidence of the fact, it would be nugatory to call a jury to ascertain the truth of the fact, and would be attended with the absurd consequence of enabling either party bv an exception not only to have a decision on the point of law, but also draw from the jury to the court a trial of the facts.
, We think therefore the court below properly rejected the bill of exceptions from going to the jury as evidente ; but as the court improperly rejected the parol evidence offered by Beeler^ the judgment of that court must be reversed with costs, the cause remanded to that court for a new trial, and such farther proceedings there had as may not be inconsistent with this opinion.