CASE 81—PETITION ORDINARY—APRIL 22.

# Whalen v. Nisbet, &c.

APPEAL FROM LYON CIRCUIT COURT.

1. EVIDENCE AS TO DECLARATIONS OF DECEDENT.—One who claims land as devisee under a will may, for the purpose of showing the testator's title, prove the declarations of the testator as to a matter of pedigree, subsection 2 of section 606 of the Civil Code not being intended to render such testimony incompetent.

2. WHERE A WILL WHICH HAS BEEN PROBATED IN ANOTHER STATE is admitted to probate as a will of realty by a county court in this State upon a copy of the will and of the certificate of probate, the order of the county court is conclusive, except as to the jurisdiction of the court, "until the same is superseded, reversed or annulled," just as in the case of a domestic will; and the fact that the copy upon which the probate was had in this State does not show upon what proof the will was admitted to probate by the foreign court, does not render the order of the county court void.

3. WHERE A WILL HAS BEEN PROBATED IN ANOTHER STATE and a copy of the will and of the certificate of probate are offered for probate in a county court in this State, proof that the State in which the will was probated had a statute like section 5 of our statute of Wills (chapter 113, General Statutes), which prescribes the requisites of a valid will, is sufficient to authorize the county court to probate the will as a will of realty. But it is immaterial in this collateral proceeding what proof was heard by the county court upon the motion to probate, the order of that court being conclusive until set aside.

4. IT IS COMPETENT TO PROVE THE STATEMENTS OF DEAD PERSONS as to where corner and line trees which are gone originally stood, and also to show the relative location and calls of adjoining surveys patented subsequent to the date of the patent in question.

T. J. WATKINS FOR APPELLANT.

1. The testimony of Henry A. Nisbet, one of the appellees, as to statements of his deceased father and aunt were incompetent. And the fact that those statements related to "pedigree" does not alter the rule. (Subsection 2, of sec. 606, Civil Code; Hurry v. Kline, 14 Ky. Law Rep., 330.)

2. Much of the testimony of this witness would be inadmissible as "pedigree" even if testified to by a competent witness.

The term "pedigree" includes descent, relationship, the facts of birth, marriage and death, and the times when these events happened.

(1 Greenleaf, sec. 104.) But does not include the *place* of birth, marriage, etc. (Brooks v. Clay, 3 Mar., 550; Shearer v. Clay, 1 Litt., 266.)

3. A county court of this State has no jurisdiction to admit a foreign will to probate as a will of real estate in this State, unless it appears from the copy of the record of the foreign court that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth by the law thereof. (Gen. Stats., chap. 113, sec. 8; Williams v. Jones, 14 Bush, 418.)

4. It was error to permit a patent and survey to be read to the jury for the purpose of showing the boundary of a prior survey. (Ewing v. Savary, 3 Bibb, 235.)

5. Hearsay testimony as to the location of corner and line trees was incompetent. (Wickliffe v. Everson, 9 B. M., 266; Young v. Adams, 14 B. M., 132; May v. Jones, 4 Litt., 22; Shackelford v. Smith, 5 Dana, 240; Beatty v. Hudson, 9 Dana, 322.)

F. A. WILSON AND F. W. DARBY FOR APPELLEES.

1. Declarations of dead persons which go to show pedigree may be proved by any witness as independent facts, whether party in interest or not, and are not such verbal statements of or transactions with a deceased person as may not be proved under section 606, Civil Code. (Flood v. Pragoff, 79 Ky., 607; Wharton on Evidence, 464.)

2. The location of adjoining tracts of land may be shown to throw light on location of tract in question.

3. Statements of parties interested in question of title and boundary made while in possession are competent where the person making them is dead at the time the statements are offered to be proved. And boundary may be proved by reputation. (Smith v. Shackelford, 9 Dana, 464; Smith, &c., v. Prewitt, 2 A. K. Mar., 156; Cherry, &c., v. Boyd, Litt. Sel. Cases, 8.)

4. The county court admitted the wills to probate both as wills of personalty and realty upon the record itself and the Virginia Statutes, and whether this was a correct adjudication or not it was an adjudication by a court having jurisdiction, and is conclusive until appealed from and reversed. (Arterburn's Ex'or v. Young, 14 Bush, 513; Barnes v. Edwards, 17 B. M., 640; Abbott, &c., v. Traylor, &c., 11 Bush, 336; Thompson v. Beadles, &c., 14 Bush, 47; Williams v. Jones, 14 Bush, 424.)

5. The judgment of the county court was correct. The Virginia Statute in regard to the attestation of wills is, and has always been, the same as ours in its requirements and *almost* identical in words. (Virginia Code of 1860.) And it was competent for the county court to consider this statute as well as the statute of Kentucky in force at time of probate, and to construe the record in the light of the statute under which it was made. (Williams v. Jones, 14 Bush, 424.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees brought this suit to recover of appellant land of which he is in possession, but alleged by them to be within boundary of a tract of 2,666⅔ acres, for which a patent was in 1789 issued by the Commonwealth of Virginia to James Kemp, under whom they claim title as follows: That he having died intestate the land was inherited by his sister and only heir-at-law, Isabella K. Nisbet, who, surviving her husband, devised it to her son, Archibald Nisbet, who devised it to his brother, William Nisbet, by whom it was devised to appellees, his children. The only claim of title to the land in dispute is made by appellant under a patent issued in 1888 by Commonwealth of Kentucky to Culp, his immediate vendor. Consequently it is manifest appellees are entitled to recover upon showing derivation of title in the manner mentioned, and that the land in controversy, or any part thereof, is covered by the patent of 1789. Indeed, the only errors of the lower court complained of are in admitting incompetent evidence of these two facts.

Death of James Kemp, intestate, and without other heir-at-law than his sister, Isabella K. Nisbet; the fact that she was mother of Archibald and William Nisbet, and survived her husband, are shown by declarations of William, to which one of appellees, his son, testified as a witness, and at same time exhibited to the jury a family Bible in which is a record of births, deaths and marriages, that he swore his father declared had been kept by and received from Isabella K. Nisbet.

That testimony comes within the well-settled rule admitting hearsay evidence in cases of pedigree, and is sufficient to satisfactorily show Isabella K. Nisbet inher-

ited the land patented to her brother, James Kemp, especially when considered in connection with the great length of time, more than sixty years, during which she, as such heir-at-law, without dispute claimed and exercised ownership of it; for it appears she sold and conveyed title, that has never been called in question, to a part of it as early as 1832.    But it is contended such evidence is made incompetent by subsection 2, section 606, Civil Code, which provides that no person shall testify for himself concerning any verbal statement of one who is dead when the testimony is offered to be given, except for the purpose and to the extent of affecting one who is living and who heard such statement.

In our opinion that provision has application to testimony, original in character, given in an action by one party to the prejudice of another party claiming under or through a dead person whose statement is offered to be proved; not to testimony concerning a declaration of a dead person as to a matter of pedigree that is, though hearsay in character, made, according to long established rule, competent from necessity.

The next error complained of is that the several papers purporting to be wills of Isabella K. Nisbet and Archibald Nisbet, probated in the State of Virginia, and of William Nisbet, probated in the State of Missouri, were improperly admitted as evidence of the title of appellees.

Section 30, chapter 113, General Statutes, is as follows: "When a will of a non-resident relative to estate within this Commonwealth has been proved without the same, an authenticated copy and the certificate of probate thereof may be offered for probate in this Commonwealth. When such copy is offered, the court to which it is offered

shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or country of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth by the law thereof, such copy may be admitted to probate as a will of real estate."

In Williams v. Jones, 14 Bush, 418, where that section was construed, this court held that " in order to entitle the will to probate here as a will of real estate, it must appear from the foreign transcript not only that the will was admitted to probate in the foreign court, but that the evidence heard there was such that if it were introduced here it would authorize the probating of the will under our laws."

The facts necessary to render a will of either lands or personalty in this State valid, are prescribed in section 5, chapter 113, as follows: "No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself or some other person in his presence and by his direction; and moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

There can be no question of competency as evidence of the will of William Nisbet; for an authenticated copy of it and of the certificate of probate show all facts required by section 5 were proved in the Probate Court of

Missouri, where he was domiciled. But it does not appear from the copy and certificate of probate of the will of either Isabella K. Nisbet or Archibald Nisbet, that any distinct fact required by that section was proved in the court of Virginia, where they were domiciled. The order probating the will of the former recites merely that the last will and testament of Isabella K. Nisbet, deceased, was on a day named fully proved by the oaths of three witnesses thereto, their names being given, and was thereupon ordered to be recorded. And the order probating the will of Archibald Nisbet does not appear more explicit or extended. But a copy of each will, accompanied by a certificate of probate, was admitted to record by the Lyon County Court, where the land is situated. And the question is thus presented, whether they were thereby rendered valid wills of real estate, and, as a consequence, competent evidence of title in this case.

Section 28 provides that "no will shall be received in evidence until it has been allowed and admitted to record by a county court; and its probate before such court shall be conclusive, except as to the jurisdiction of the court, until the same is superseded, reversed or annulled." Whether that section was intended to apply to a foreign will probated here under section 30 was considered, though not expressly decided, in Williams v. Jones, this language being there used: "When a foreign will is presented it may be admitted to probate as a will of personalty or as a will of realty, or as a will of both; and the statute would seem to require that the order of probate should show whether it was admitted as a will of personalty or of realty also, and when the order does so show it will probably be conclusive." We now perceive no reason for

holding such order of probate conclusive as to a domestic will whereby title to real estate passes, that does not equally apply to foreign wills when admitted to probate by order of a county court of this State as will of realty. The language of the section first quoted does not authorize any discrimination. And it can not be fairly presumed the Legislature intended to make titles to land uncertain and insecure merely because acquired under foreign wills.

The Lyon County Court, as appears from the record before us, after reciting in its order that a copy of the will of Isabella K. Nisbet, and certificate of probate in Virginia court, were presented and evidence had been heard, in express terms adjudged said copy be probated and admitted to record in that court as her last will and testament, as to both personal and real estate in Kentucky. And the same proceeding was substantially had and order made in that court as to will of Archibald Nisbet. And as neither order has been superseded, reversed or annulled, there was, it seems to us, no alternative for the circuit court but to treat both orders as conclusive of validity and competency as evidence of the two wills. It is true it does not appear what character of evidence was heard by the county court on motions to probate the two wills, nor is it within province of this or the circuit court to inquire; though in our opinion proof the statute of Virginia contained a provision like section 5 of our statute of wills would have fully authorized the orders made by the Lyon County Court. Identity and location of the survey patented to James Kemp was satisfactorily shown on trial of this case, but there does not appear to be now any marked line or corner trees on the southern boundary of the tract. And another alleged error of the lower court

was in permitting testimony as to relative location and calls of adjoining surveys, patented subsequent to date of Kemp's patent, and proof of statements of persons dead as to where corner and line trees, now gone, originally stood. It seems to us that character of evidence is entirely competent, and has been often so recognized by this court.

Judgment affirmed.