CASE 15.—ACTION BY SADIE BERTRAM, ETC., AGAINST
            PORTER    WITHERSPOON'S    ADMINISTRATOR.—
            April 27, 1910.

## Bertram v. Witherspoon's Admr.

Appeal from Warren Circuit Court.

McKenzie Moss, Circuit Judge.

Judgment for defendant, and plaintiff appeals.—
Affirmed.

1.  Descent and Distribution—Intestate Dying Without Issue.—
    Ky. St. section 1401, provides that, if an infant dies without
    issue, having derived title to real estate from his parent,
    the whole shall descend to that parent and his or her kindred,
    if any, and, if none, then to the other parent and his or her
    kindred, but the kindred of one shall not be so excluded by
    the kindred of the other parent if the latter is more remote
    than grandfather, grandmother, uncles, and aunts of the
    intestate and their descendants.  Section 1393 (section 3810)
    provides that, when a person having title to any real estate of
    inheritance shall die intestate, it shall descend in parcenary
    to his kindred, male and female; to his children and their
    descendants; if none, to his father and mother, if both are
    living, one moiety each; and, if none, to his brothers and sis-
    ters and their descendants.  Held that, where intestate died
    seised to property derived from his deceased mother, leaving
    his mother's sister surviving, and two brothers of the half
    blood, intestate's interest in the land passed to his aunt,
    if he was an infant at the time of his death, and, if he was of
    age, to his half-brothers.
2.  Descent and Distribution—Age—Evidence—Finding.— Evi-
    dence held to sustain a finding that intestate was of age
    at the time of his death.

3. Evidence—Pedigree—Bible Entries.—After the death of all persons who would reasonably be likely to have knowledge concerning the making of an entry of the birth of a child in the family Bible, the entry is admissible to show the child's age without proof of the handwriting; it being shown that the entry was ancient, and made before any motive existed for making a false entry.

4. Evidence—Pedigree—Age—School Census.—A school census is admissible to show the age of a person scheduled therein.

SIMS & RODES and WRIGHT & McELROY for appellant.

JOHN M. GALLOWAY and G. D. MILLIKEN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Carroll Markham died a resident of Warren county on February 22, 1881, the owner of certain real estate. He left surviving him two daughters, Alice Witherspoon, the wife of Thomas Witherspoon, and Sadie Markham, now Sadie Bertram. Mrs. Witherspoon died about the year 1888, leaving surviving her a son, Porter Witherspoon. After her death her husband married a second time, and by his second wife had two sons. He and his second wife died about 10 years later. Porter Witherspoon died February 4, 1904, and this controversy has arisen between his aunt, Sadie Bertram, and his two half-brothers, the children of his father by his second marriage, as to who inherited at his death the land which he inherited from his mother, and she inherited from her father, Carroll Markham. Section 1401, Ky. St., provides: "If an infant dies without issue, having the title to real estate derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred as hereinbefore directed, if there is any; and if none, then in like manner to the other parent and his or her kindred; but the kindred of one shall not be so excluded by

the kindred of the other parent, if the latter is more remote than the grandfather, grandmother, uncles and aunts of the intestate and their descendants.'' Under this statute, if Porter Witherspoon was an infant at his death, the land would go to his aunt, Mrs. Bertram, but if he was of age at his death, under section 1393 Ky. St., it would pass to his brothers, although of the half blood. The case, therefore, turns on whether he was of age or an infant when he died. The circuit court under the evidence held that he was of age, and that the property passed to his brothers. Mrs. Bertram appeals.

The case turns purely on a question of fact, and on such matters we give some weight to the judgment of the chancellor, and do not disturb his finding where the evidence is conflicting, and on the whole case the mind is left in doubt. The aunt introduced five or six witnesses, who knew the family, and fixed the age of Porter by reference to the ages of their own children or other circumstances, testifying that he was born in April, 1883. On the other hand, the plaintiff introduced several persons, who had equal means of knowing, and fixed the birth of the child in about the same way, testifying that he was born in April, 1882. The numerical preponderance of the testimony is with Mrs. Bertram, but the following facts support the conclusion of the chancellor: Porter himself said on different occasions that he was born in April, 1882. In April, 1903, he settled with his guardian, and took charge of his property. None of his relatives at that time raised any question that he was not of age. On the contrary, Mrs. Bertram then told the tenant who was living on the land that Porter was of age, and that the tenant should pay the rent to him. In addition to this, the family Bible

is produced, which shows that he was born in April, 1882; and, while the handwriting of the entry is not shown to be that of his father, the fact that there was this entry in the family Bible is some evidence, it not appearing who made it, for it clearly appears that it was in the Bible at his father's death, and long before there was any question raised about his age. He was the only child born in the family, and so this was the only birth entered in the Bible. In cases of this sort, where all the parties are dead, the entry in the family Bible may be considered without proof of the handwriting, when it is shown to be an ancient entry, made before there was any motive for putting a false entry in the Bible. The Bible was taken from his father's house after his death, and it then had this entry in it. Nobody is living now who would reasonably know who made the entry, as Thomas Witherspoon and his two wives are dead, and the two sons by the second marriage were too young to know anything about such matters. A family Bible is the book in which such entries are usually made, and when the Bible is produced with the entry in it when it came from the possession of Thomas Witherspoon, it may properly be considered as evidence. In addition to this the school census for a number of years is produced, and these all show that Porter was born in April, 1882. The school census is a public record parents are required to give in the ages of their children. These reports were made during the life of Thomas Witherspoon, and are better evidence now of the date of Porter's birth than the recollection of witnesses as to a date more than 25 years ago. In addition to this we think the facts that Porter himself always understood that April 20, 1882, was the date of his birth, that Mrs.

Bertram, herself seems to have so understood when the tenant asked her about it, and that there was no controversy about his age until after his death, are entitled to no little weight.

Judgment affirmed.

Appeal from Warren Circuit Court.

McKENZIE Moss, Circuit Judge.

Judgment for defendant and plaintiff appeals.— Affirmed.