## Gray, et al v. Grimm.

(Decided February 26, 1914.)

### Appeal from Campbell Circuit Court.

1. Judgment—Evidence—Chancellor's Finding of Fact.—Where the evidence is conflicting and the case turns on the credibility of

the witnesses, the chancellor's finding of fact will not be disturbed.

2.  Trial.—An issue as to whether an order was obtained by fraud is cognizable either at law or in equity before the first day of August, 1851, and the defendant is not entitled to a jury trial, as a matter of right.

3.  Trial—Sale of Indivisible Property—When Error to Order.—It is error to order a sale of indivisible property before all the notes are due, although they are all held by the same person.

4.  Infants—Purchase of Land by—Not Binding.—A purchase of land by an infant is not binding on him, and he may recover the purchase money paid on it. He must restore what he has, but he is not required to restore what he has spent or used.

5.  Infants—Not Bound on Purchase Money Note—Liens.—An infant and an adult both signing the note, the adult is bound, though the infant is not, and there is a lien on the land for all the purchase money.

A. M. CALDWELL and J. A. SHACKELFORD for appellant

BRENT SPENCE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Anna Grimm made an agreement with Helen Gray by which she sold to her a house and lot in Highlands, Kentucky, for the sum of $1,600, and when they came to close up the trade, Mrs. Gray and her daughter, Dell Gray, said they wanted the deed made to both of them and that both would sign the notes for the deferred payments of the purchase money. Thereupon a deed was drawn and delivered by which the property was conveyed by Anna Grimm to Helen Gray and Dell Gray. Two hundred and fifty dollars of the purchase money was paid cash the notes for $1,350 were executed by Helen Gray and Dell Gray. One hundred and twenty-five dollars was afterwards paid on the notes but the purchase money not having been paid as the notes fell due, this suit was brought by Mrs. Grimm against Helen Gray and Dell Gray to recover judgment for the money and to enforce the purchase money lien on the lot.

The defendants answered charging in substance that they had been induced to purchase the property by fraud; that Mrs. Grimm's agent who sold the property to them, falsely and fraudulently represented to them that the house was in first class condition, built in a workmanlike manner, and out of first class material,

when these statements were untrue and known to be untrue and that the property was in a very bad condition as they had discovered after they took possession. The charges of fraud were denied by a reply and some depositions were taken. In taking the deposition of Dell Gray it developed that she was an infant, and the plaintiff thereupon suggested this fact upon the record and moved the court to appoint a guardian ad litem for her. Thereupon the statutory guardian of Dell Gray appeared in the action and filed an answer for her, in which in addition to the matters set up in the original answer he pleaded that his ward was under twenty-one years of age, and alleged that $350 which had been paid for or upon the property was paid out of money belonging to his ward. He made his answer a counterclaim against the plaintiff and prayed judgment against the plaintiff for the sum of $350 with interest and cost, and that he be adjudged a lien upon the real estate to secure it. A reply was filed by the plaintiff which put in issue the allegations of the counterclaim. On final hearing a judgment was entered that the plaintiff recover of Helen Gray $1,225 with interest and cost and that to secure this she had a lien upon the property. The property was ordered sold to satisfy the judgment. Under the judgment the property was sold and was bought by Mrs. Grimm for $950. The sale was confirmed by the court and a judgment was then entered that Dell Gray was not personally liable on the notes sued on. From this judgment the defendants appeal.

On the question of fraud in the sale of the property the proof is conflicting. The proof for the defendants tended to sustain the allegations of their answer. On the other hand, the proof for the plaintiff by about an equal number of witnesses tended to show that there was no fraud in the transaction. We give some weight to the finding of the chancellor and on all the proof we conclude that we should not disturb his finding on this question of fact, which turns simply on the credibility of the witnesses.

The court did not err in refusing to transfer the case to the ordinary docket for trial by a jury on the question of fraud because this issue was one of which courts in chancery had jurisdiction before the first day of August, 1851. (Civil Code, Sec. 6, Ford v. Ellis, 21 R., 1837.)

The notes were each dated September 16, 1910, and were payable one, two, three and four years after date. The judgment was entered on July 1, 1913, and at that time the last two notes aggregating $750, were not due. The last note for $450 will not be due until September 16, 1914. There is nothing in the record to show that if any of the notes were not paid at maturity the others should become due. There is no such provision in the notes themselves, and no allegation of this sort in any pleading. The deed is not in the record. It is alleged in the petition that the deed was in the possession of the purchasers and had not been recorded and it does not appear to have been filed. Subsection 3 of section 694 of the Civil Code provides:

"The plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, which are held thereon by others, and make the holders defendants; and no sale of the property shall be ordered by the court prejudicial to the rights of the holders of any of the liens; and when it appears from the petition or otherwise, that several debts are secured by one lien, or by liens of equal rank, and they are due at the commencement of the action, or become so before judgment, the court shall order the sale for the *pro rata* satisfaction of all of them; but if, in such case, the debts be owned by different persons and be not all due, the court shall not order a sale of the property until they all mature. If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of advantageous division; or that, for some other reason, the sale would cause a sacrifice thereof, or seriously prejudice the interests of the defendants."

It is alleged in the petition that the property is invisible and this fact appears from the proof. We have often held that in an action to enforce a lien, if the property is not susceptible of division, no sale can be ordered until all the notes fall due, although they are held by the same person. (Leopold v. Furber, 84 Ky., 214; Gentry v. Walker, 93 Ky., 405; Guinn v. Orndoff, 23 R., 2369.) As two of the notes were not due at the time the judgment was entered, it was erroneous to enter a personal judgment against Helen Gray thereon; and for the same reason it was erroneous to sell the property before the notes matured.

The proof shows that the $250 which was paid upon the property at the time the deed was made was paid by the infant. It is insisted that the mother was entitled to the earnings of her infant daughter. But she could give her daughter her own earnings and the testimony is positive that the money belonged to the daughter. The allegations of the guardian's answer are not sufficient to entitle him to recover the $125 subsequently paid; but upon the allegations of his answer and the proof, the court should have entered a judgment in his favor for $250 with interest and should have adjudged him a lien on the property therefor. Upon disaffirming a contract the infant must restore what he has received under the contract if he still has it; but he is not required to restore what he has received under the contract where he has wasted or spent it. (Ison v. Cornett, 116 Ky., 92; note to Craig v. Van Bebber, 18 Am. St. Rep., 569.)

The adult is bound on the notes although the infant is not bound. The trade was made with the mother; the daughter was unknown in it until they came to close it up. The mother knew the daughter was an infant; the vendor did not now it; and there was nothing in her appearance to suggest it. The mother's liability on the notes is backed by the lien on the land. The entire purchase money is a lien upon the land. This lien may be enforced. As we understand from the record Dell Gray is now of age. If this is true the facts should be suggested of record.

Judgment reversed and cause remanded for a judgment and further proceedings as above indicated.