## Marceiliac, By, etc. v. Stevens, et al.

(Decided December 19, 1924.)

### Appeal from Webster Circuit Court.

1. Vendor and Purchaser—Possession of Third Person Charges Purchaser with Notice of His Rights.—Possession of land by one not the vendor is sufficient notice to put purchaser on guard as to such person's title and require investigation.

2. Infants—Infant Must Return Consideration if Possible on Avoidance.—Though an infant may avoid his contract prior to his majority or within a reasonable time thereafter, he must, if he elects avoidance, return the consideration received, if within his power to do so.

3. Infants—Infant Estopped by Fraud to Rescind.—An infant may be estopped by fraud to rescind his contract.

4. Infants—Evidence Held to Sustain Finding that Infant did Not Misrepresent Age.—Evidence held sufficient to sustain findings of chancellor that infant was not guilty of misrepresentation or fraud as to his age.

5. Infants—On Rescission of Infant's Purchase Contract, Subsequent Purchasers Charged by His Possession with Knowledge of Infant's Right to Lien.—Where infant rescinding purchase of property was in possession, defendant purchasing the property from vendor was charged with notice of his rights, and, not having investigated such possession, was not innocent purchaser, and his title was properly chargeable with infant's lien for purchase money.

6. Infants—Lien for Purchase Money on Rescission Properly Chargeable with Rental for Time of Possession.—Where infant on rescission of contract for purchase of land remained in possession pending litigation, his lien for purchase money was subject to deduction of reasonable rental value, under his testimony showing that he bought the house because he was required to vacate another, such rental being a necessity.

7. Equity—Infant Rescinding Contract Must Come with Clean Hands and do Equity.—An infant seeking equity must come with clean hands and must do equity by restoration of consideration on rescission of contract, when within his power.

VERT C. FRASER for appellant.

J. C. CANADAY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

On December 28, 1922, appellant Marceiliac entered into a written contract with appellee, Lattie Stevens, whereby he contracted to purchase a house and lot in Providence at the price of $2,000.00 and paid down $300.00 and agreed to pay on January 15, 1923, the further sum of $200.00; the balance to be paid in installments of $25.00 each on the 15th of each succeeding month until the full amount was paid.

The contract provided that appellant should forfeit his rights to the property in case he failed to pay the $200.00, or any of the succeeding installments when due. Before the 15th of January, after the making of the contract, appellant became dissatisfied with his trade and, being less than twenty-one years of age, decided to rescind on the ground of infancy. He tendered his house and lot back to the vendor and demanded his $300.00. He

continued to live in the house, however, making it his home. When his demand for the return of the $300.00 was refused, appellant commenced this action by his next friend against appellee, Lattie Stevens, praying judgment against her for $300.00 and cost and that the same be adjudged a lien against the house and lot, and further that appellee Stevens be restrained from selling or attempting to sell the property, and that finally the property be subject to his claim of $300.00. To the petition was attached a copy of the contract by which he agreed to purchase the property. Lattie Stevens filed an answer and counterclaim by which she traversed the material averments of the petition and affirmatively pleaded that she placed her house and lot mentioned in the petition in the hands of an agent for sale and that the agent found appellant and made the contract for the sale of the property of which he now complains; that appellee did not know anything about the contract or have anything to do with the making of it further than to sign the papers when presented to her. She further pleaded that appellant represented himself to be over the age of twenty-one years at the time he entered into the contract and thus misled her and induced her to sell him the property, relying upon his representations as to his age; that but for his fraudulent representations as to his age she would not have sold him the property and that she relied upon his statements concerning his age and relied upon the facts pleaded as an estoppel against him to claim a rescission; that appellant was then in possession of the house and had been since the 28th of December, 1922, using and occupying it as a home; that he had failed to comply with his contract by paying the $200.00 on January 15, 1923, and the other installments of $25.00 each, which became due on the 15th of succeeding months; that since appellant had declined to take the property and had announced he would not purchase it but would elect to rescind his contract, appellee had sold the property to Dr. Taylor for the price of $1,600.00, and that Taylor in turn had sold it to W. B. Snow. A reply put all the averments of the answer in issue. Marceiliac pleaded he was a Frenchman by birth and had only been in the United States a short while, being able to speak the English language very imperfectly and to understand it with difficulty; that he could not read English writing or print, and that he was

not acquainted with the value of the property at the time he purchased it and that the property was worth much less than the price he agreed to pay for it and he was induced to purchase it at the high price of $2,000.00 through the representations of the agent of appellee. He further alleged that the property deeded by appellee Stevens to Taylor was subject to his lien for $300.00 paid on the purchase price and that his lien followed the property into the hands of Snow, who was then the owner.

Following this appellee Stevens, W. B. Snow and J. H. Taylor filed a rejoinder and answer to plaintiff's reply and cross-petition. It consists of a traverse of the affirmative matter in the reply.

When the issues were made up appellant Marceiliac took evidence in his behalf and Miss Stevens took evidence also to support her contention. From this evidence we learn that appellant Marceiliac, a Frenchman by birth, had only been in this country a short time when he entered into the contract to purchase the house and lot in Providence; that he was only about twenty years of age at the time the contract was made and that he had but slight knowledge of the value of property in America. Evidence for appellee Stevens tends strongly to prove that Marceiliac was asked at the time of the making of the contract if he were twenty-one years of age and if he were doing business for himself, and he responded he was more than twenty-one years of age and that he was in business for himself. He denies this and says he was not asked the question and made no representations concerning his age. It is also shown that Taylor, who bought the property from appellee Stevens, knew of the purchase of the property by Marceiliac and of the terms and conditions thereof. He was not, therefore, an innocent purchaser. It was further shown by the evidence that Marceiliac was in possession of the house and lot at the time Taylor sold it to Snow. On these facts it is insisted that Snow was not an innocent purchaser because the possession of Marceiliac was sufficient to put him as purchaser on inquiry. As a general rule possession of land by one not a vendor is sufficient notice to put a purchaser on guard and require him to make an investigation. It has also been held that possession under an executory contract of purchase is notice to a prospective purchaser of an adverse interest. 27 R. C. L. 719; East Jellico Coal Co. v. Hays, 133 Ky. 4; Wyatt v. Touvelle, et al., 185 Ky. 565.

It must be conceded that an infant has the right to avoid his contracts at any time prior to his majority or afterwards, provided he acts within a reasonable time. But if he elects to avoid his contract he must return the consideration, if any, he has received if within his power to do so. 14 R. C. L. 234-5 and 238-9; Henderson v. Clark, 163 Ky. 192. This rule, however, has been modified in Kentucky to the extent that an infant is estopped by his fraud to claim a rescission of his contract. County Board of Education v. Hensley, 147 Ky. 441; Asher v. Bennett, 143 Ky. 361; Goff v. Murphy, 153 Ky. 634.

The lower court decided that appellant Marcailiac was an infant at the time of the making of the contract and was, therefore, entitled, on account of his infancy, to a rescission thereof, thus, in effect, holding he was not guilty of any misrepresentations or fraud. The evidence sufficiently supports this finding. We will not, therefore, disturb it.

The court further found Snow, the present owner of the property, to be an innocent purchaser for value of the house and lot in question. In this we think the court was in error, for appellant Marceiliac was in possession of the house under the executory contract which is the basis of this litigation at the time Snow became the purchaser and paid the purchase price. Under such circumstances Snow was, as a matter of law, put upon notice and should have investigated Marceiliac's possession, and his presence on the place was sufficient to put Snow upon inquiry. He failed to exercise that degree of diligence which the law requires of one purchasing real property, and having failed to do so he is not an innocent purchaser within the meaning of that term. Marceiliac was, therefore, entitled to have the $300.00 paid by him on the purchase price adjudged a prior lien on the house and lot. This, however, is subject to a credit by rent for the use of the house, which was a necessity to the infant, the evidence showing that the house was reasonably worth $20.00 to $25.00 per month. Marceiliac held and used it for several months, just how many we are unable to tell from the record. Nor are we able to say with certainty the reasonable rental of the house during that period. He testified that he purchased the house and took possession of it as a home because he was required to vacate another house in which he lived, and it was absolutely necessary for him to have a place to live. The house, therefore, was a necessity and the rental charged

should be adjudged against him in the same manner that other necessities of life would have been charged against him. When the trial court ascertains the number of months the house was so occupied by Marceiliac and the reasonable rental for the use thereof, per month, this sum should be deducted from the judgment in favor of Marceiliac for $300.00 against Miss Stevens. In other words, the infant is not entitled to have a rescission of the contract without a restoration of the consideration received by him when it is within his power to make such restoration. When he seeks equity he must come with clean hands—he must do equity.

For the reasons indicated the judgment is reversed insofar as it refused appellant Marceiliac a lien upon the house and lot for the amount of the judgment in his favor, with directions to the court to enter a judgment granting him a lien subject to a credit by the reasonable rental of the house and lot for the period he occupied it. If necessary the court should allow the parties to plead to an issue.

Judgment reversed.