## Baisden v. Gibson, et ux.

(Decided March 27, 1925.)

### Appeal from Lawrence Circuit Court.

1. Equity—He who Comes into Equity Must do Equity.—He who comes into equity must do equity.

2. Infants—Plea of Infancy Available as Protection and Not as Sword.—Plea of infancy is for protection and may not be used as sword.

3. Infants—Judgment Ordering Plaintiff, whose Deed was Canceled for Infancy, to Account for Consideration Paid and Used for "Necessaries" Held Proper.—Judgment canceling infant's deed, which required her to account for consideration paid, part of which she expended for needed clothing, and the remainder for her wedding trousseau, held proper; "wedding trousseau" properly being classified under necessaries.

4. Infants—Bona Fide Purchaser on Cancellation of Deed May Assert Lien Against Premises to Extent of its Enhanced Value by Reason of Improvements Made in Good Faith.—Bona fide purchaser may assert lien against premises on cancellation of infant's deed to extent of its enhanced value by reason of improvements made in good faith.

5. Infants—Deed Voidable but Not Void.—An infant's deed is not void but voidable only.

6. Taxation—"Taxes" Defined.—Taxes are enforced incumbrances imposed by the statute for the benefit of the state or the legally taxing authorities.

7. Infants—Purchasers, whose Deed was Set Aside Because of Grantor's Infancy, Held Entitled to Lien Against Land for Taxes Paid.—Purchasers, whose deed was set aside because of grantor's infancy, held entitled to lien against land for taxes paid.

8. Appeal and Error—Findings of Chancellor Sustained by Preponderance of Evidence will Not be Disturbed.—Findings of chancellor sustained by preponderance of evidence will not be disturbed.

R. C. McCLURE and ROSCOE VANOVER for appellant.

M. S. BURNS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, Sarah Belle Baisden (nee Cox), inherited from her mother a small parcel of mountain land in Lawrence county, containing between ten and twelve acres. On March 8, 1917, she sold and conveyed it jointly to her older sister and her husband, the appellees and defendants below, William and Sissie Gibson, for a cash consideration which was paid at the

time. Plaintiff lacked a little more than a month of being nineteen years of age at the time she married her present husband within three or four months thereafter. Within a short while after becoming twenty-one years of age she filed this equity action in the Lawrence circuit court against her sister and the latter's husband seeking to cancel the deed upon the grounds that it was fraudulently procured from her and for an inadequate consideration, and that she was an infant at the time and incapable in law of contracting. The answer denied the averments of the petition and in separate paragraphs sought the assertion of a lien against the land for the consideration paid, for enhanced value of improvements made by defendants, and for taxes paid by them. Appropriate pleadings made the issues and upon final submission, after evidence taken, the court cancelled the deed upon the ground of plaintiff's infancy at the time it was made, but sustained the claim of defendants to a lien in their favor for the items mentioned by crediting the amount of the liens with the reasonable rental value of the property from the date of the deed. The judgment also fixed a date, before or by which time plaintiff should pay the balance of the liens and receive a reconveyance from defendants, but if she failed to pay that balance by that time the land was ordered to be sold by the master commissioner, in satisfaction of the balance adjudged in defendant's favor and directed the remainder of the proceeds, if any, paid to plaintiff. Complaining of that judgment plaintiff prosecutes this appeal insisting that the court wrongfully adjudged the land in lien for any of the items asserted in the answer and we will dispose of them separately, in the order named.

It is strenuously insisted that the court erred in requiring plaintiff to account for the consideration paid for the land (which was only $100.00) because it is urged that in an action like this by the ex-infant to avoid his conveyance made during his infancy an accounting for the consideration may not be obtained by the defendant vendee in any event, and some cases from this court are cited in support of that contention, among which is Napier v. Chappell, 22 Ky. L. R. 1904, which is a fair example of the others upon which counsel rely, some of which are cited in that opinion. However, in that case, as is also true in the others, the facts were different from those in this one and the same is true with reference to the employed procedure as well as the specific relief sought.

In that case the infant had never executed a deed but during infancy had executed only a title bond. The administrator of the deceased vendee, to whom the bond was executed, sought to sell the land for settlement of the latter's estate and in that action he made the ex-infant a defendant. She answered repudiating the title bond and asserting title in herself. It was doubtful under the proof whether the consideration had been paid to her, but, in any event, this court held that under those circumstances it was not necessary for her to refund the consideration before defending by urging her infancy in avoidance of the bond. She did not seek to cancel any prior executed deed, as is true in this case, and the trial court held that she could not even insist on an avoidance of the bond without previously restoring the consideration, and our opinion on appeal held that the performance by her of such act was not a prerequisite to her right to avoid, and reversed the judgment. It was, therefore, an entirely different case from the instant one. The infant there did not "come into equity" for any affirmative relief, but, on the contrary, she was brought into equity and called upon to speak whatever she had to say. Besides, there does not appear from the opinion that any effort was made to assert a lien for the consideration as against the land covered by the title bond.

An examination of the other cases relied on will show that the facts therein differentiate them equally as widely from those involved in this case. If, however, those cases could possibly be construed as applicable to the facts of this one then they would not be in accord with many prior and later ones from this court, or with the great majority of other courts as well as text-writers, to the effect that if the ex-infant possesses the consideration at the time he comes into equity to cancel his conveyance he should be made to account for it, or that portion of it that he still possesses, and if he does not tender it into court a lien therefor will be adjudged in favor of the vendee against the land, which holding is bottomed upon the equitable principles that "He who comes into equity must do equity," and that the plea of infancy is a protection and may not be used by the infant as a sword. Young v. Daniel, 201 Ky. 65; Gray v. Grimm, 157 Ky. 603; Ison v. Cornett, 116 Ky. 92; Bailey v. Barnberger, 11 B. Mon. 113; Lowry v. Drake, 1 Dana 46; Petty v. Roberts, 7 Bush 417; 31 C. J. 1069, par. 166; 14 R. C. L. 238, par. 20; 4 R. C. L. 512, par. 24, and note to the case

of Craig v. Van Bebler, 18 Amer. State Rep. 569. There are numerous other cases from this court sustaining that rule, and, as stated, if the ones relied on by counsel for plaintiff could be construed as announcing a contrary principle they are out of harmony with other cases from this court, both preceding and following them and are not controlling in this case.

But, it is said, that plaintiff did not have the consideration paid to her at the time of the filing of her action, or any time thereafter, and for that reason this case does not come within the controlling rule above announced because it appears that plaintiff "Lost, wasted or squandered it, during infancy." The argument would be sound were it not for another abundantly proven fact found in the record; which is, that the entire consideration paid plaintiff was expended by her for *necessaries.* She expended a part of it for very much needed clothing and the remainder of it for her wedding trousseau, which latter, we think, may be correctly classified as "necessaries" and to which we feel sure a great majority of brides will subscribe. No part of the consideration, therefore, in this case was lost, wasted, or squandered by plaintiff while she was an infant. On the contrary, as we have seen, it was expended in a way and for articles for which the law would allow the seller or the furnisher of them to recover and if defendants had furnished to plaintiff money to be spent as she did spend it, they no doubt under the rule holding an infant liable for necessaries, could have recovered that amount from her, and that being true there would seem to exist no difficulty in requiring her to account for it when she seeks to repudiate her deed by an enforced cancellation. Marcieliac v. Stevens, 206 Ky. 383.

With reference to the improvements the law seems to be well settled that a *bona fide* purchaser may assert a lien against the premises to the extent of its enhanced value because of improvements made by him thereon under the *bona fide* belief that he was the owner. Combs, Guardian v. Deaton, 199 Ky. 477 on p. 485; McCampbell v. McCampbell, 198 Ky. 816; Jackson v. Claypool, 179 Ky. 662; Farley v. Stacey, 177 Ky. 109; 1 A. L. R. 1181; Loeb v. Conley, 160 Ky. 91, and Coffey v. Humble, 154 Ky. 708. That principle should especially apply where the contract was not void but voidable only, which is true with reference to an infant's deed, as will appear from some of the cases, *supra,* since in that case the vendee

has the right to act upon the belief that the infant vendor will abide by and not repudiate his sale when the consideration was sufficient and no fraud was practiced, both of which we find, from the testimony in this case, was true. It, therefore, results that the court did not err in giving defendants a lien for the enhanced value of their improvements.

There is left, therefore, only the question of taxes, which is not seriously argued on this appeal. They are enforced encumbrances imposed by the statute for the benefit of the state or the legally taxing authorities and the property is in lien for them in the hands of anyone apparently holding the title of record. If he pays them he should be entitled to be subrogated to the rights of the taxing authorities levying them and we have found no case, nor have we been cited to any, disallowing them as against the payor who assessed the property as its owner of record and who made the payment under color of right. On the contrary, this court recognized such right in the cases of Lawson v. Davis, 26 Ky. L. R. 1014; Walker v. Field, 147 Ky. 380, and Crab Orchard Banking Company v. Saunders, 174 Ky. 68. It is argued in brief of counsel for appellant that the consideration paid by defendants was grossly inadequate and, also, that the amount allowed for the enhanced value of the improvements made by them, was excessive, but we do not find the evidence to support either of those arguments. It is true that, as in most cases, some contrariety of testimony exists on both those issues, but its preponderance sustained the finding of the chancellor in each instance and, under the prevailing rule of practice in this court in such cases, we are not authorized to disturb the judgment on this ground.

Finding no reversible error in the judgment, it is affirmed.