## Prudential Ins. Co. of America v. Pierce's Adm'x.

(Decided Oct. 19, 1937.)

TYE, SILER, GILLIS & SILER for appellants.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Ballard Pierce was insured by a group policy issued by the appellant to employees of the Louisville & Nashville Railroad Company. He instituted this action to recover an aggregate of $2,000 because of total and permanent disability commencing September 26, 1930, at which time he pleaded he was under 60 years of age. The health insurance provisions of the policy did not cover employees 60 years of age and older. Pending the trial, the plaintiff died, and the suit was revived by his administratrix. The sole issue submitted to the jury was the age of the insured on September 26, 1930. The verdict and judgment were for the plaintiff, and the defendant appeals.

The widow, as administratrix claiming the proceeds of the insurance for Pierce's estate, testified. She was much younger than her husband and had married him in 1927 (the certificate of the marriage register introduced by the defendant, however, shows the marriage was on November 20, 1928). Her husband had a Bible about six inches long and four inches wide which laid around the house or was carried in his pocket. He left home after putting some things in a sack which he took with him.

Not long afterward he was sent to the asylum, where he died. She had not seen the Bible since her husband left home. Over objection, the widow testified that the date of his birth in the Bible was July 4, 1872.

Alva Ely, the 17 year old daughter of Mrs. Pierce, testified that she had lived with her mother after her marriage to Pierce. He had a Bible which was "real old and the writing in it was real old and it had his age." She had not seen the Bible or any of his things since he went away. Over objection, she testified the Bible showed the date of his birth to be July 4, 1872.

Irene Skinner, a stenographer in the office of the attorney for the plaintiff who filed the suit, and subse-

quently died, testified that the defendant had taken Pierce's deposition as on cross-examination in his attorney's office before Jimmie Terry, another stenographer. She heard Pierce there state that he was born in July, 1872. The witness had refreshed her memory by reading Terry's shorthand notes. This evidence was also over the defendant's objection.

The plaintiff closing, the defendant moved for a peremptory instruction. The motion being overruled, it produced record and other evidence showing that the insured was born in 1864 or 1865, and consequently was well over 60 years of age on the day stated.

Mrs. Pierce was not competent to testify concerning any communication between her husband and herself. Section 606, Civil Code. "Communication," as there used, embraces all knowledge obtained by reason of the marriage relation and which would not have been known but for the confidences growing out of the relation. Willey v. Howell, 168 Ky. 466, 182 S. W. 619; Allcock v. Allcock, 174 Ky. 665, 192 S. W. 853. All the knowledge she had of this matter had come by her husband having the Bible in their home. Her incompetency is also declared by subsection 2 of section 606, Civil Code of Practice, providing that no person shall testify for himself concerning any transaction with or act done or omitted to be done by one who is dead. The widow had a beneficial interest in the proceeds of the policy. Ætna Life Insurance Company v. Prater's Adm'x. 259 Ky. 665, 83 S. W. (2d) 17. But there was no objection to her testimony describing the Bible and its disappearance. From that, in connection with the competent testimony of her daughter, we have only the description of an old Bible, of pocket size, containing old writing, and a date in it purporting to be the age of the one who had it in possession.

The evidence does not disclose that a reasonable search had been made for the Book. That is usually prerequisite to establishing the loss of a document, the contents of which it is proposed to prove by parol evidence. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560. We may, however, deem the circumstances of its disappearance as a sufficient predicate and the testimony in that respect to have been competent. Chilton's Adm'r v. Shelley, 243 Ky. 576, 49 S. W. (2d) 305. The question is whether the meager quality and quantity of proof concerning the

Bible and the entry about which the oral evidence. related was a sufficient authentication to bring it within the exception to the hearsay rule which permits the establishment of age by such records.

The general rule is that hearsay evidence of certain classes is always admissible to prove pedigree, which term embraces the date of birth of an individual. Benham v. Kentucky Central Life & Accident Insurance Co., 240 Ky. 169, 38 S. W. (2d) 954. Any entry made by a deceased parent or other relative is regarded as the declaration of such parent or relative. The rule of admissibility of entries in a family Bible is even more relaxed. Upon proper authentication of the book as being a family Bible, with circumstances showing the entry of births, deaths, and marriages to have been approximately contemporaneous with the occurrence, the record is acceptable as evidence without proof that the entry was made by any particular person. "The fundamental idea of authentication is to connect the writing with the person alleged to be its author." Section 1496, Wigmore on Evidence. The acceptance of the record is that of it being the family history or reputation. It is upon the ground that the entries are presumed to be known by the members of the family and to have been adopted as correct. Sections 1148, 1149, Jones' Commentaries on Evidence; sections 1480, 1496, Wigmore. The probability of its accuracy is a "substantial guarantee for trustworthiness." Section 1482, Wigmore. Its admittance also often rests upon the unavailability of other evidence and the greater evils to be apprehended from the rejection of such evidence than from its admission. 10 R. C. L. 963; annotation, 29 A. L. R. 372. Often the real importance of the evidence lies in its weight as much as in its admissibility, and the circumstances and conditions surrounding such hearsay declaration are of paramount importance. Section 1150, Jones. Such an entry is not regarded as of the grade of record evidence, and being hearsay in its nature as not superior to parol testimony. Beeler v. Young, 6 Ky. (3 Bibb) 520.

In Bryant v. McKinney, 96 S. W. 809, 29 Ky. Law Rep. 951, we recognized the competency of entries in a family Bible of the fact and date of birth, marriage, or death of a child or other relative. Admissibility was confined to original entries in a Bible which contained a history of the facts about which it purported to speak. It was held that the rule could not be carried so far as

to permit the admission of isolated and incomplete entries in irregular places, or of entries not appearing to be original, or bearing on their face, when considered in connection with other facts, intrinsic evidence of their improbability as a true record of family history. The entry involved was copied about 10 years after her birth, by the father of the person whose age was in issue, from an original entry made by him in another Bible. The court regarded as significant that the entry introduced in evidence was not in the place set apart in the Bible for such records and did not show the dates of the birth of other members of the family or any other facts in the family history except the date of the death of the father who had made the entry. It was held incompetent.

A stepfather introduced in evidence a New Testament in which, some 10 years before, he had entered the birth of his stepdaughter, whose age was involved, upon information obtained from her mother. This was incompetent because not a contemporaneous record, and not made by one who knew anything about the fact. Goff v. Murphy, 153 Ky. 634, 156 S. W. 95.

We may turn to our cases holding evidence of this character to have been properly admitted. In Woodard v. Spiller, 31 Ky. (1 Dana) 179, 25 Am. Dec. 139, it was held to be well settled, even at that early date in our jurisprudence, that a register of births made in the handwriting of a father, who had been dead 30 years, was competent evidence. Of like effect is Whalen v. Nisbet, 95 Ky. 464, 26 S. W. 188, 16 Ky. Law Rep. 52. In Bertram v. Witherspoon's Adm'r, 138 Ky. 116, 127 S. W. 533, Ann. Cass., 1912A, 1217, it clearly appeared that the entry in a family Bible of the date of the birth of a son, whose inheritance from his father was involved, was made long before any question was raised or motive existed for putting a false entry in the Bible, and that it was there when the father died. Though there was no proof as to the handwriting, it was shown to be an ancient entry and that all persons who might reasonably be expected to know who made the entry were dead, so the entry was held to be competent as evidence.

In Rankin v. Dunn, 243 Ky. 784, 49 S. W. (2d) 1018, the issue was the legitimacy of the daughter of a former slave whose daughter would be entitled to share in a lapsed devise made by her grandfather if the legitimacy

of her mother were established by reason of a slave marriage or of a formal ceremony. A family Bible which bore an entry of the marriage was introduced. It was shown that a Bible in which the original entries had been made was burned 20 or 25 years before the death of the testator, and that the entries in the book offered in evidence had been made at his instance and under his supervision and direction. As the entries were made, in effect, by the party whose marriage was questioned and had thus remained for such a length of time, the decision that the facts did not destroy the competency of the entries as relevant testimony, but at most would only affect its weight, did no violation to the rule of nonadmissibility of a transferred or recent entry made by a person unknown or, if known, who was not in position to know whereof he wrote.

Reverting to the facts of the case, or rather to the omissions of proof concerning the Bible and the purported entry of the insured person's birth. It was a small pocket size Book and there is no history of it. It is not shown that it was a family Bible, or, indeed, that it was owned by the deceased. For aught that appears, it contained only this one isolated entry somewhere between its lids. There is no evidence concerning who may have made the notation said to be the date of the insured's birth, nor when it was probably made. The person making it may have been living and available as a witness. There is nothing to connect the making of the entry with the insured or any of his family other than that he had the book in his possession. It does not possess the characteristics which warrant its acceptance as an authentic family record. As measured by the rule of admissibility declared by our foregoing opinions and other authorities, the evidence was not competent and the court erred in admitting it.

The testimony of Miss Skinner that she heard Pierce state under oath that he was under 60 years of age was not competent. While such statement was given in a deposition taken as on cross examination, such deposition was not filed in the record, as it might have been, and must therefore be regarded as extrajudicial. It was but repeating a self-serving declaration of a party.

It is not necessary to pass upon the claim of the appellant that with this evidence eliminated it was entitled to a peremptory instruction; or, whether it be

eliminated or not, that the verdict is flagrantly against the evidence. Those questions are reserved.

Judgment reversed.