## Hart et al. v. Davidson.

(Decided Sept. 27, 1938.)

J. H. ASHER for appellants.

M. C. BEGLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Reversing.

This is an appeal from a judgment of the Leslie Circuit Court, sitting in equity, in favor of Rubie Davidson, plaintiff below, and against George Hart, Sarah McNamara, J. C. Hart, Bill Hart, Belva Browning, Ida Brown, and Coon Fields, defendants. The appellee, Rubie Davidson, sought the cancellation of a deed executed by her father, and the restoration to her of the land passing under the deed. She is the daughter of one M. C. (Mack) Vanover, since deceased. It was alleged in the petition and amended petition that Mack

Vanover conveyed the litigated portion to his sister A. L. Vanover, and mother, Patty Vanover, by deed dated October 7, 1911, as part of a larger tract. Mack Vanover conveyed the litigated portion to his sister Dora Baker on March 21, 1912. Dora Baker's husband having died, she conveyed the tract to J. H. Hart, father of the appellants (his only children and heirs at law), on January 19, 1922. Until Hart's death on or about November 17, 1932, he was in possession of the land and his children have been in possession since then. On May 19, 1934, the appellee became twenty-one years of age and brought this action on May 29, 1934, to cancel the deeds of Mack Vanover to Dora Baker and of Dora Baker to J. H. Hart, and to be restored to possession of the land. It was alleged in the amended petition that Mack Vanover was born on March 10, 1893, and conveyed the land in question on March 21, 1912, when he was nineteen years and eleven days old, and that he died on January 25, 1914, six weeks before attaining his majority and without ratifying the voidable deed.

It is argued for appellants (1) that the evidence fails to show that Mack Vanover was under the age of twenty-one at the time of his death and (2) that even though the deed be cancelled the consideration therefor should be restored. We will confine our investigation to the questions thus presented.

A sister of Mack Vanover testified that she was born in 1890 and that Mack was younger than she was. She fixed the date of his birth as March 10, 1893, based upon what her mother, who was also Mack's mother, had told her. No objection was taken to this testimony. It may well be doubted if there was any room for excluding it. Prudential Ins. Co. v. Pierce's Adm'x, 270 Ky. 216, 109 S. W. (2d) 616. Other witnesses likewise fixed the date of Mack's birth as March 10, 1893, based on the figures carved upon his tombstone. Objection was made to some of this testimony but not to all of it and the only proof offered to rebut it consisted in a statement that the figures showing the date of birth on the tombstone were carved by Mack's father; that he was not good at remembering dates, and that Mack's mother had told one witness that the figures on the tombstone were wrong. It was not disclosed, however, whether the date carved should have been an earlier or a later one. Certainly, in this state of the testimony,

we cannot say that the conclusion of the chancellor thereon is erroneous or against the preponderance of the evidence.

It has been repeatedly held that where an infant elects to avoid a contract upon his majority, he must return the consideration received if it is within his power to do so. Marceiliac v. Stevens, 206 Ky. 383, 267 S. W. 229; Young v. Daniel, 201 Ky. 65, 255 S. W. 854; Gray v. Grimm, 157 Ky. 603, 163 S. W. 762; Adam Roth Grocery Co. v. Hopkins, 29 S. W. 293, 16 Ky. Law Rep. 678. The chancellor set off the value of improvements made by the appellants against the reasonable rental value of the property but he made no ruling in regard to the restoration of the original consideration which the proof indicates was $375. No reason is presented why this consideration should not be restored. Appellants should be given a lien on the property to this extent.

It is suggested in appellants' brief that an estoppel exists against the rescission of the deed because Mack Vanover represented that he was of full age. We can find no proof to sustain this contention and it is almost inconceivable that Dora Baker, grantee in the original deed, would not know that her brother was still an infant when the deed was executed. There is testimony also indicating that J. H. Hart, grantee from Dora Baker, likewise knew the age of Mack Vanover although whether he knew it before accepting the deed from Dora Baker does not appear. At all events there is nothing upon which we might properly sustain a plea of estoppel.

Judgment reversed with directions to enter a judgment in conformity with this opinion.