## BENSINGER'S COEX'RS v. WEST.

Court of Appeals of Kentucky.

Feb. 13, 1953.

See also, 255 S.W.2d 29.

Edward W. Bensinger, Louisville, for appellants.

Robert Hubbard and Stanley Briel, Louisville, for appellee.

DUNCAN, Justice.

This appeal attacks a judgment for $2,200 rendered on appellee's counterclaim after a general demurrer was sustained to appellants' reply as amended.

On January 10, 1947, appellee, Jerry West, then sixteen years of age, who was joined by his parents, entered into a contract with one Jake Glenn. The contract provided that the infant was to become an employee of Glenn as stable boy and jockey and that such employment was to continue for a period of five years. As payment for his services, Jerry was to receive his room, lodging, board, traveling and medical expenses, and a salary of $50 per month for the first year, with annual increases to a maximum salary of $150 a month during the last year of the contract. On November 20, 1948, Harry Bensinger leased from Glenn the services of Jerry,

and on March 31, 1949, Glenn made a complete transfer of all his rights under the contract to Harry Bensinger and Coralie Bensinger, his wife. Under the terms of the transfer, the assignees assumed all obligations concerning the infant's salary and support.

Jerry continued as an employee of the Bensingers until January 10, 1950, at which time he entered into a written agreement with Harry Bensinger, by which he purchased his release from the Glenn contract for the sum of $2,500. The latter agreement recites that Jerry paid $1,500 at the time of its execution and the remaining $1,000 was payable in two equal monthly installments, due in one and two months from that date. Additional payments amounting to $700 were subsequently made, but the remaining $300 was never paid.

Following the death of Harry Bensinger, this action was instituted by his coexecutors to recover the balance of $300 under the release agreement of January 10, 1950. Personally and through his statutory guardian, Jerry repudiated the agreement, and by a counterclaim sought to recover the $2,200 paid by him. The executors' reply as amended relied upon the infant's parental emancipation as a bar to his right to disavow the contract. A general demurrer was sustained to the latter pleading, and judgment was rendered against the executors on the counterclaim. On this appeal, it is insisted: (1) that the plea of emancipation was an effective bar to a renunciation of the contract of January 10, 1950; (2) that it was error to render judgment on the counterclaim without requiring the infant to place the Bensinger estate in status quo.

Appellants misconceive the effect of parental emancipation. Although it may remove the infant from parental control or destroy the common-law right of the parent to the services of the child, it has never been held in this or any other jurisdiction that such emancipation will render an infant sui juris. The general rule is stated in 43 C.J.S., Infants, § 28, p. 91, as follows:

"Although parental emancipation may free the infant from parental control, it does not remove all of the disabilities of infancy. It does not, for example, enlarge or affect the minor's capacity or incapacity to contract."

To the same effect are 27 Am.Jur., p. 749, sec. 5, Infants; Schoenung v. Gallet, 206 Wis. 52, 238 N.W. 852, 78 A.L.R. 387. The case of Collis v. Hoskins, 306 Ky. 391, 208 S.W.2d 70, relied upon by appellant, is not in point. The action there was by a father for the loss of the services of his daughter, and the validity of an infant's contract was not involved.

██ Generally, as a condition to disaffirmance of his contract, an infant is required to return the consideration received under it, if within his power to do so. If, however, he has wasted or spent the sum received and is unable to make restitution, his right to repudiate the agreement is not destroyed. Gray v. Grimm, 157 Ky. 603, 163 S.W. 762; Walker v. Walker, 253 Ky. 378, 69 S.W.2d 716; Hart v. Davidson, 274 Ky. 663, 120 S.W.2d 214. Neither the rule of restitution nor any of its exceptions are applicable to the present case. The only thing Jerry received under the contract of January 10, 1950, was a release of the Glenn contract, which he could have avoided or disaffirmed without cost to him. Cain v. Garner, 169 Ky. 633, 185 S.W. 122, L.R.A.1916E, 682. It would be futile to require the return of a contract which was unenforceable in so far as the Bensingers were concerned. To them, it had no more value than a blank sheet of paper if the infant chose to avoid it.

██ Appellants insist that the Glenn contract was enforceable as a contract for necessaries. We do not so regard it. The contract was essentially one of employment, and the agreement to furnish board, lodging, traveling expenses, and medical care were merely part payment for the services to be rendered. If this agreement could be treated as a contract for necessaries, every agreement for employment of an infant could be made enforceable by the employer's agreement to provide support. Another element lacking here is the showing that the infant was in actual need of necessaries. To be bound upon a contract for necessaries, an infant must be in actual need of them and obliged to procure them for himself. They are not necessaries to the infant if he has a parent or guardian who is willing and able to supply them. 27 Am.Jur., pages 760, 761, sec. 17, Infants.

Under the facts disclosed by the record, the action of the court in sustaining the demurrer to the reply and rendering judgment on the counterclaim was proper.

The judgment is affirmed.